## 41288. BELL v. SIGAL et al.
### (326 SE2d 730)

GREGORY, Justice.

Patricia R. Bell sued Howard M. Sigal, John C. Warner (later dismissed), and City of Marietta Hospital Authority d/b/a Kennestone Hospital for the wrongful death of her son. She alleged numerous acts of negligence on the part of the defendants. The issues were tried before a jury resulting in a verdict for the defendants. Mrs. Bell appealed. We affirm.

We do not have a transcript of the evidence before us; therefore, we state the contentions of the parties as contained in the pleadings and pre-trial order below. Mrs. Bell alleged that in January 1969, her young son, Charles R. Bell, Jr., suffered from a sore throat, cough and elevated temperature. She brought him for treatment to the office of defendants, Sigal and Warner, who were pediatricians. Medication was prescribed and administered but to no avail. Furthermore, her son began to experience difficulty in breathing. The condition worsened in spite of further visits to the doctors and their treatment. Finally, in the early morning hours of January 9, 1969 at the direction of Dr. Sigal, Charles R. Bell, Sr., the husband of Patricia Bell and the father of the child, carried the child to Kennestone Hospital. The emergency room physician diagnosed the condition as either acute pneumonia or tracheobronchitis. The nurse failed to pass this information along to Dr. Sigal. At the hospital, the child's condition continued to worsen. Charles Bell, Sr. talked to Dr. Sigal by phone and was told all that could be done had been done and the rest was up to Charles Bell, Sr. The father took his son home and put him to bed. The son soon cried out and the parents rushed in to find him gasping for air. He was taken to the hospital by ambulance and about an hour and a half later the mother and father were informed he was dead. An autopsy revealed he had been infected with a staphlococcus to the extent the accumulation of purulent exudate prevented oxygen from entering the blood stream.

The defendants denied any negligence on their part. They further alleged the father made the decision to take the child home rather than admit him to the hospital at the critical time. Dr. Sigal contended he advised the father over the telephone to admit the child to the hospital, but the father refused, saying the child was simply upset and he felt it unnecessary to admit him.

The record reflects that the mother and father divorced in 1975 and the father moved to North Carolina.

We have been informed by the briefs that suit was first filed in Fulton Superior Court in 1971. That case was tried before a jury for a week and then voluntarily dismissed by Patricia Bell. This action was brought in Cobb Superior Court November 9, 1973. It sought damages for wrongful death under our statute which was codified in Code Ann. § 105-1307. That statute provided "[a] mother, or, if no mother, a father, may recover for the homicide of a child . . . ." The cause of action was placed in the mother, and only if there was no mother living did the statute put the cause of action in the father. However, in response to *Orr v. Orr*, 440 U. S. 268 (99 SC 1102, 59 LE2d 306) (1979), the legislature modified the provision to give the right to both parents and to provide a procedure for one parent to proceed in the event of divorce, separation or that they were living apart. Ga. Laws 1979, pp. 466, 493, 494, 497; Ga. Laws 1980, p. 1154. After considerable litigation, and over the strong objection of Patricia Bell, Charles Bell, Sr. was made a party plaintiff because of the 1979 and 1980 amendments. The clerk was directed to give notice by certified mail with a return receipt requested. Notice by publication was also ordered. Charles Bell, Sr. was contacted by phone prior to the trial by counsel for Patricia Bell and given the date trial would begin. Nevertheless, he did not appear or participate in the trial.

Patricia Bell has filed 21 enumerations of error. They concern five legal issues all of which relate in one way or another to the joinder of Charles Bell, Sr. as a party plaintiff. She first complains the method of service used to give notice to Charles Bell, Sr. was a denial of due process of law. She next contends she had a vested right in the cause of action for the wrongful death of her son so that the application of the 1979 and 1980 amendments to this case, which put the cause of action jointly in her and Charles Bell, Sr., was an unconstitutional retroactive application under the 1976 Georgia Constitution, Art. I, Sec. I, Par. VII. She contends joinder of Charles Bell, Sr. denied her the right to control her lawsuit with respect to the designation of parties, clouded the issues and thereby confused the jury, and had the effect of rendering all proceedings subsequent to joinder nugatory.

We find it unnecessary to reach the merits of these issues in order to decide the case. Though we have no transcript of the evidence

from the trial, we do have a transcript of the charge given the jury. We also have the verdict rendered by the jury in favor of defendants and entered on a form carefully prepared by the trial judge. The two, when considered together, make it clear that the jury necessarily reached one of three conclusions.[1] They either determined (1) there was no negligence on the part of either defendant, or (2) if there was negligence, it did not enter into the proximate cause of the death, or (3) they determined the sole proximate cause of the death was the negligence of Charles Bell, Sr. Under any of the three conclusions Patricia Bell was not entitled to recover. If it is assumed for the sake of discussion only that error was committed by the joinder of Charles Bell, Sr., we would nonetheless affirm. Had he not been joined, the jury would have heard the same evidence. While it is true Charles Bell, Sr. would not have been designated a party plaintiff, and we appreciate a plaintiff's desire to control the designation of parties, his conduct would have been no less relevant. We are persuaded the verdict would not have been changed by non-joinder.

Consider the carefully thought out charge of the trial judge which we summarize in part. He instructed the jury generally with regard to negligence in a medical malpractice case and told them the defendants' negligence need not be the sole proximate cause of the death, but only need contribute. He gave the jury the meaning of proximate cause. He meticulously separated the two plaintiffs by first pointing out that neither could recover if the negligence of Charles Bell, Sr. was the sole proximate cause of death but went on to instruct on comparative negligence. He explained that this doctrine applied only to Charles Bell, Sr. and not Patricia because she was not charged with any negligence. He told the jury how comparative negligence could result in a reduction or elimination of any recovery for Charles.

The judge then charged on the form of verdicts which could be rendered. He had prepared a paper which the jury could use or not as they saw fit. It provided:

### JURY VERDICT

1. We, the Jury, find for the Plaintiffs against Defendant(s) \_\_\_ _____ on the issue of liability in this case.

2. We, the Jury further find that the full value of the life of Chuck Bell is $_____, that

(a) Patricia Bell should recover $_____ of said amount; and that

---

[1] There is a possibility the jury decided the issue of agency of hospital employees against the plaintiff. If this was the case, it could account for a verdict for the defendant hospital but, of course, it could not account for a verdict for Dr. Sigal.

(b) Charles Bell, Sr., should recover $_____ of said amount.

3. We, the Jury find for the Defendants and against the Plaintiffs by striking through verdict paragraphs 1 and 2 above.

He told the jury to first consider paragraph 1. If their verdict was for the plaintiffs they should insert in the blank the name of the defendant or defendants they found against. Then they should go to paragraph 2 and insert in the blank the full value of the life of the child. Next, they should determine what amount each plaintiff should recover (thus allowing for a reduction for Charles' share for comparative negligence). Finally, he instructed the jury, should they find for the defendants and against the plaintiffs, they should strike through paragraphs 1 and 2. This is what the jury did by drawing an "X" entirely across paragraphs 1 and 2, leaving paragraph 3 as their verdict.

To retry this 16-year-old case, not because the evidence will be different, but because the father of the deceased child was joined as a party plaintiff (which we do not determine to be error at all), would not be a just result. The jury has spoken. This litigation should end.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 5, 1985.

*C. James Jessee, Jr., Wood & Moore, L. Lin Wood, Jr.,* for appellant.

*Troutman, Sanders, Lockerman & Ashmore, Robert L. Pennington, Long, Weinberg, Ansley & Wheeler, Robert G. Tanner, Charles R. Bell, Sr., Charles R. Bell,* for appellees.