S92A0289, S92A0290. BLANTON v. MOSHEV et al.
(416 SE2d 506)

HUNT, Justice.

In this medical malpractice case for the wrongful death of plaintiff Blanton's unborn child, defendants, Dr. Jacob Moshev and Parkway Medical Center, brought a motion to dismiss her case because she did not timely join her husband, who, the defendants contend, is a necessary party under the provisions of OCGA § 19-7-1 (c). The wife, Mrs. Blanton, appeals the trial court's granting of the motion to dismiss. Because of our construction of that Code section, we reverse.

In her malpractice action, Mrs. Blanton complained that although her doctor was aware that a sonogram taken early in the pregnancy showed that the unborn child's umbilical cord was wrapped around its neck, and although her doctor knew that her previous child endured a similar circumstance requiring emergency surgery, he ordered no further sonograms during the pregnancy. On February 15, 1987, when Mrs. Blanton went to the hospital for a scheduled cesarian section, her child died by strangulation.

Her husband was not a party to this action. Upon considering the defendants' motion to dismiss the complaint for that reason, the trial court added the husband on its own motion.[1] Although pretrial orders had already been entered reflecting the husband as a party, the trial court, on defendants' motion, deleted the husband as a party because the statute of limitation had expired before the husband had been added. Then, the trial court granted the defendants' renewed motions to dismiss the wife's complaint for her failure to add a necessary party.

1. OCGA § 19-7-1 (c) provides in material part:

(1) In every case of the homicide of a child, minor or sui juris, there shall be some party entitled to recover the full

---

[1] The wife agreed to the husband's joinder and the husband did not object.

value of the life of the child, ... (2) ... (A) If the parents are *living together* and not divorced, the right shall be in the parents *jointly*; (B) If either parent is deceased, the right shall be in the surviving parent; or (C) If both parents are living but are *divorced, separated, or living apart*, the right shall be in *both parents*. However, if the parents are divorced, separated, or living apart and one parent refuses to proceed or cannot be located to proceed to recover for the wrongful death of a child, the other parent shall have the right to contract for representation on behalf of both parents, thereby binding both parents, and the right to proceed on behalf of both parents to recover for the homicide of the child with any ultimate recovery to be shared by the parents as provided in this subsection. . . .
(3) The intent of this subsection is to provide a right of recovery in every case of the homicide of a child who does not leave a spouse or child. [Emphasis supplied.]

In construing this Code section, it is clear to this court that the legislature intended to protect the right of both parents, regardless of their marital status, to a cause of action for the wrongful death of their child. Subparagraph (A) presumes a harmoniously married couple and gives them a *joint* right of action. Subparagraph (C) applies where such is not the case. Parents divorced, separated or living apart share the right of action, and one may proceed without the other. Where one parent undertakes to prosecute the cause, the other is nevertheless bound by such action and the law provides for equitably apportioning any proceeds.[2] OCGA § 19-7-1 (6).[3] Subsection (3) declares the intention to provide a right of action "in every case." Thus, we cannot conclude that the General Assembly meant to deprive a married parent, whose spouse does not also proceed, from pursuing his or her claim for the wrongful death of a child.

If parents who are divorced, separated, or living apart are both bound by the judgment under subparagraph (C), then, a fortiori, parents living together in whom the right of action is joint must be bound by any judgment obtained by the other. Parents who live together are jointly entitled to any proceeds of the litigation, whether or

---

[2] Subparagraph (C) also provides:
Payment of a judgment awarded to the parent or parents having the cause of action under this subparagraph or the execution of a release by a parent or parents having a cause of action under this subparagraph shall constitute a full and complete discharge of the judgment debtor or releasee.
[3] For cases in which the parents of a deceased child are divorced, separated, or living apart, a motion may be filed by either parent prior to trial requesting the judge to apportion fairly any judgment amounts awarded in the case. . . .

not they both participated in the lawsuit. Under this construction of the statute, the husband is not a necessary party under OCGA § 9-11-19 (a).[4] Complete relief may be afforded to the parties without detriment to the husband or to the defendants, if the husband is bound and shares jointly in any proceeds of the litigation. Nor, obviously, is he indispensable under OCGA § 9-11-19 (b), which permits the trial court to dismiss the action where the party is necessary and cannot be joined. We, therefore, conclude the trial court erred in dismissing the wife's claim for failing to join her husband as a party plaintiff.

2. In view of our holding in Division 1, we do not reach Mrs. Blanton's contention that the statute violates equal protection in its differentiation between those parents who are married and living together and those who are not.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 21, 1992 —
RECONSIDERATION DENIED JUNE 10, 1992.

*J. Stephen Manko, Reuben M. Word, William S. Stone, Laura J. Tromly, Elizabeth F. Bunce,* for appellant.

*Drew, Eckl & Farnham, W. Wray Eckl, Bonnie M. Wharton, Allen & Peters, Hunter S. Allen, Jr., Dennis A. Elisco,* for appellees.

---

[4] OCGA § 9-11-19 provides in material part:
(a) *Persons to be joined if feasible.* A person who is subject to service of process shall be joined as a party in the action if:
(1) In his absence complete relief cannot be afforded among those who are already parties; or
(2) He claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may:
(A) As a practical matter impair or impede his ability to protect that interest; or
(B) Leave any of the persons who are already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.
If he has not been so joined, the court *shall* order that he be made a party. [Emphasis supplied.]