A92A0480. BELCO ELECTRIC, INC. v. BUSH.
A92A0481. KROGER COMPANY v. BUSH.
A92A0482. LaVISTA ASSOCIATES, INC. v. BUSH.
A92A0483. PM REALTY ADVISORS, INC. et al. v. BUSH.
(420 SE2d 602)

ANDREWS, Judge.

After Timothy Broyles, age 16, was shot and killed outside a Kroger store by a store employee on June 11, 1989, the deceased's divorced parents, Robert Broyles and Hilary Bush, separately filed and

voluntarily dismissed a series of actions against various defendants seeking damages for their son's wrongful death as a result of the shooting. In the latest of these actions filed on June 4, 1991, Bush sued five defendants, who all sought dismissal under OCGA § 9-11-41 (a) on the basis that three previous voluntary dismissals of the wrongful death action operated as an adjudication on the merits in their favor. The trial court denied the motions to dismiss, and we granted the appellants' applications for interlocutory appeal.

The following wrongful death actions were filed and voluntarily dismissed by either Broyles or Bush prior to Bush's present action:

1. On July 7, 1989, Broyles filed the first wrongful death action against The Kroger Company (Kroger) in U. S. District Court. Broyles voluntarily dismissed this action on July 13, 1989.

2. On July 14, 1989, Broyles filed the second action against Kroger and John Muyquiz, the gunman, in Fulton Superior Court.

3. On December 12, 1989, Bush filed a third action against Kroger in Fulton Superior Court.

4. On July 17, 1990, the second and third actions were consolidated by order of the Fulton Superior Court.

5. On August 29, 1990, Broyles filed a voluntary dismissal of the second action, and on October 15, 1990, Bush voluntarily dismissed the third action.[1]

6. On April 23, 1991, Bush filed another wrongful death action in DeKalb Superior Court naming as defendants, Kroger and the following defendants associated with the ownership and management of the shopping center where the Kroger store was located: LaVista Associates, Inc. (LaVista); PM Realty Advisors, Inc. (PM Realty); Public Employees Retirement System of Nevada (Public Employees Retirement System), and Wheeler Management, Inc. Bush voluntarily dismissed this action on June 3, 1991.

Subsequent to the above filings and dismissals, Bush filed the present wrongful death action on June 4, 1991, against Kroger; LaVista; Public Employees Retirement System; PM Realty; and, Belco Electric, Inc. (Belco) (alleged to be responsible for maintenance of lighting at the shopping center), all of whom raised timely defenses of res judicata based on the previous voluntary dismissals under OCGA § 9-11-41 (a), and moved for dismissal from the action.

*Case No. A92A0481 (Kroger)*

Prior to the present complaint, this wrongful death claim had been previously brought in the first action separately filed and dis-

---

[1] Since the second and third actions had been previously consolidated, we treat these as a single voluntary dismissal of one action under OCGA § 9-11-41 (a).

missed by Broyles; the consolidated action brought and dismissed by Broyles and Bush, and yet another action separately filed and dismissed by Bush. The voluntary dismissal provisions of OCGA § 9-11-41 (a) were intended in part "to afford a plaintiff, faced with a contrary verdict or other untenable position, a second chance to litigate his suit *despite* the inconvenience and irritation to the defendant." (Emphasis in original.) *Griggs v. Columbus Bank & Trust Co.*, 188 Ga. App. 741, 743 (374 SE2d 347) (1988). Subsection (a) of the statute provides that "[a] dismissal under this subsection is without prejudice, except that the filing of a third notice of dismissal operates as an adjudication upon the merits." OCGA § 9-11-41 (a). The statute provides a res judicata defense to any party against whom relief is being sought under the same claim which has been brought and voluntarily dismissed on three previous occasions. See *T. V. Tempo v. T. V. Venture*, 182 Ga. App. 198, 200 (355 SE2d 76) (1987).

The trial court recognized that the wrongful death claim had been voluntarily dismissed on three previous occasions, but held that each parent had a right to assert a wrongful death cause of action independent of the other so that an adjudication on the merits of Bush's claim would occur only after three such actions in which Bush was a plaintiff were voluntarily dismissed. Since Bush had brought and voluntarily dismissed the action only twice prior to filing the present action, the trial court found there was no adjudication on the merits.

Under OCGA § 19-7-1, the right to recover for the wrongful death of a child, who dies without leaving a spouse or child, is a single cause of action vested jointly in the parents of the deceased if they are married and living together. Under OCGA § 19-7-1 (c) (2) (C), "[i]f both parents are living but are divorced, separated, or living apart, the right shall be in both parents. However, if the parents are divorced, separated, or living apart and one parent refuses to proceed or cannot be located to proceed to recover for the wrongful death of a child, the other parent shall have the right to contract for representation on behalf of both parents, thereby binding both parents, and the right to proceed on behalf of both parents to recover for the homicide of the child with any ultimate recovery to be shared by the parents as provided in this subsection."

In the case of parents divorced, separated or living apart, the statute creates a single cause of action vested in both parents, which may be brought by both parents together, or by one parent on behalf of both parents. *Bell v. Sigal*, 254 Ga. 78, 79 (326 SE2d 730) (1985). As to why the previous actions were brought by only one parent, the record contains only Bush's affidavit filed in response to the motions to dismiss, which reflects that she did not consent to join in Broyles' first action in U. S. District Court, and was unaware the federal suit

had been dismissed. The affidavit does indicate that Bush received a copy of the complaint filed by Broyles in federal court, and inexplicably, denies any knowledge of Broyles' Fulton Superior Court suit, which was consolidated with Bush's suit in that court. There is no indication as to why Broyles did not join with Bush in bringing the last two suits, including the present one. Nevertheless, under OCGA § 19-7-1 (c) "it is clear . . . that the legislature intended to protect the right of both parents, regardless of their marital status, to a cause of action for the wrongful death of their child. . . . Parents divorced, separated or living apart share the right of action, and one may proceed without the other. Where one parent undertakes to prosecute the cause, the other is nevertheless bound by such action and the law provides for equitably apportioning any proceeds. OCGA § 19-7-1 (6)." *Blanton v. Moshev*, 262 Ga. 254, 255 (416 SE2d 506) (1992).

As provided in OCGA § 9-11-3, "[a] civil action is commenced by filing a complaint with the court." See *Harris v. Sampson*, 162 Ga. App. 241, 243 (290 SE2d 165) (1982) (previous civil actions deemed commenced for purposes of OCGA § 9-11-41 (a) even though defendant not served in one suit and not named in another). Under OCGA § 19-7-1 (c) (2) (C) as construed in *Blanton*, supra, the absent parent is not a necessary party under OCGA § 9-11-19 (a), and either parent, as a real party in interest, was capable of commencing the action. Despite any unresolved issues of control over the suit between parents who are divorced, separated or living apart, if only one parent commences and voluntarily dismisses the wrongful death action three times, this has the effect of an adjudication on the merits under OCGA § 9-11-41 (a) against the rights of both parents, together or separately, to bring the same action for a fourth time.[2]

We find the previous complaints filed by Broyles and Bush were actions commenced and voluntarily dismissed within the meaning of OCGA § 9-11-41 (a). The present wrongful death action pending against Kroger was previously filed and voluntarily dismissed three times, once separately by Broyles, once by Broyles and Bush in the consolidated action, and once separately by Bush. Accordingly, there was an adjudication on the merits, and the trial court erred by deny-

---

[2] Bush argues that such a rule is subject to abuse by one parent who may, without notice to the other parent, file and voluntarily dismiss an action three times and destroy any right of recovery. In most instances a parent's diligent pursuit of rights under OCGA § 19-7-1 (c) to exercise control in the suit and participate in distribution of any proceeds will be sufficient protection of the right to recovery. Nevertheless, in bringing a wrongful death claim a parent is not free to deliberately or negligently abuse these procedures to the detriment of the other parent. Parents who are divorced, separated or living apart owe one another a duty analogous to that of a surviving spouse's duty to surviving children to "prudently, assert, prosecute, or settle the wrongful death claim," and a failure to do so which proximately causes the loss of the other's right to recovery may subject them to liability. See *O'Kelley v. Hosp. Auth. of Gwinnett County*, 256 Ga. 373, 374 (349 SE2d 382) (1986).

ing Kroger's motion to dismiss.

*Case No. A92A0480 (Belco)*
*Case No. A92 A0482 (LaVista)*
*Case No. A92A0483 (PM Realty et al.)*

As to the remaining four appellants, LaVista, PM Realty, and Public Employees Retirement System were named as defendants in only one of the previously dismissed wrongful death actions, and Belco was named as a defendant for the first time in the present action. These appellants argue that under OCGA § 9-11-41 (a) three previous voluntary dismissals of the wrongful death action operates as an adjudication on the merits as to them even though they have not been defendants in three previous dismissals of the action.[3] In other words, they argue that the controlling factor is the third voluntary dismissal of the same cause of action rather than the named party defendants.

The filing of a voluntary dismissal of an action in accordance with OCGA § 9-11-41 (a) is without prejudice, "except that the filing of a third notice of dismissal operates as an adjudication upon the merits." Although various defendants were named in the suits, the present action, and all of the previous actions brought and voluntarily dismissed by Broyles and Bush, sought recovery on the same claim, the wrongful death of their son as a result of being shot outside the Kroger store. Under the plain language of OCGA § 9-11-41 (a), an adjudication on the merits is based not on a requirement that the same defendant was three times dismissed, but because an action seeking recovery on the same claim was brought and voluntarily dismissed three previous times. Thus, the statute is designed to prevent a plaintiff from repeatedly filing actions for the same claim against any defendant, not only previously named defendants. See *Harris*, supra at 243; *Southeastern Hose v. Prudential Ins. Co. of Am.*, 167 Ga. App. 356 (306 SE2d 308) (1983). Three previous voluntary dismissals of the wrongful death claim operated as an adjudication on the merits, and the trial court erred by denying the appellants' motions to dismiss.

*Judgments reversed in Case Nos. A92A0480, A92A0481, A92A0482, and A92A0483. Birdsong, P. J., and Beasley, J., concur.*

---

[3] LaVista's constitutional claims were not presented to or ruled upon by the trial court, and present nothing for appellate review. *Archie v. Scott*, 190 Ga. App. 145, 146 (378 SE2d 182) (1989).

Decided June 10, 1992 —
Reconsideration denied July 7, 1992 — 

*Tittsworth & Grabbe, Michael W. Tittsworth,* for appellant (case no. A92A0480).

*Webb, Carlock, Copeland, Semler & Stair, Douglas A. Wilde,* for appellant (case no. A92A0481).

*Goodman, McGuffey, Aust & Lindsey, William S. Goodman, Kathryn A. Cater,* for appellant (case no. A92A0482).

*Long, Weinberg, Ansley & Wheeler, Joseph W. Watkins, Debra E. LeVorse,* for appellants (case no. A92A0483).

*Mullman & Associates, Roy S. Mullman, Long & Associates, Nick Long, Jr., Steve Berne,* for appellee.