## A08A1258. CONTROLLED BLASTING, INC. v. VIARS et al.

(666 SE2d 626)

MIKELL, Judge.

Controlled Blasting, Inc. ("CBI"), appeals the order granting summary judgment to defendants Ricky E. Viars, Sr., Vanmar, Inc., and Camelot Retirement Community, Inc., in this third action CBI filed to recover monies due for work performed under a contract. We reverse for the reasons set forth below.

The facts relevant to this appeal are undisputed, and our review is de novo.[1] CBI first filed a complaint against Vanmar on November 2, 2000, and dismissed it without prejudice on October 17, 2002. CBI filed a second complaint against Vanmar on April 10, 2003, adding as a defendant E. A. Hutto, an employee of Vanmar who allegedly guaranteed the contract. CBI dismissed the second complaint without prejudice on April 5, 2004, and filed a third complaint on May 13, 2004, adding as defendants Viars and Camelot. Viars, Vanmar, and Camelot moved for summary judgment, arguing that the third action was barred by OCGA § 9-11-41 (a) (3), which provides that the voluntary dismissal of a second complaint operates as an adjudication on the merits. The trial court agreed and granted the appellees' motion.

OCGA § 9-11-41 (a) (3), as amended, became effective on July 1, 2003, and it applies prospectively only — i.e., "to all civil actions filed on or after July 1, 2003."[2] Previously, the statute afforded a plaintiff two opportunities to dismiss a complaint without prejudice, and the

---

[1] *ChoicePoint Svcs. v. Hiers*, 284 Ga. App. 640 (644 SE2d 456) (2007).

[2] Ga. L. 2003, pp. 820, 824, § 4, 828, § 9.

third voluntary dismissal became an adjudication on the merits.[3] In *Davis v. Lugenbeel*,[4] we held that the statute, as amended, could not be applied retroactively to dismiss a case that was originally filed before July 1, 2003.[5] This case was originally filed on November 2, 2000. Therefore, in accordance with *Davis*, the amended version of OCGA § 9-11-41 (a) (3) does not apply, and the trial court erred in granting summary judgment on the basis of the statute.

Appellees attempt to distinguish *Davis* on the basis that, in this case, the first two complaints were filed before the effective date of the amended statute, whereas in *Davis*, only the first complaint was filed prior to that date. Appellees argue that, because CBI filed its second voluntary dismissal after July 1, 2003, CBI had notice of the change in the law and could have continued its suit without losing any vested rights. This argument is unpersuasive. This Court in *Davis* clearly construed the statute to prohibit its application to cases originally filed before its effective date.[6] *Davis* is apposite and controls the outcome of this case.

*Judgment reversed. Smith, P. J., and Adams, J., concur.*

DECIDED AUGUST 13, 2008.

*Scheer, Jackson, Cohen & Schoenberg, Brant Jackson, Jr.*, for appellant.

*Smith, Welch & Brittain, Larry S. Mayfield, Fred A. Zimmerman*, for appellees.

---

[3] See *Ford v. Tycam Home Builders*, 267 Ga. App. 581, n. 1 (601 SE2d 133) (2004).
[4] 283 Ga. App. 642 (642 SE2d 337) (2007), cert. denied, 283 Ga. App. 909 (2007).
[5] Id. at 645.
[6] Id.