**SECOND DIVISION**
**BARNES, P. J.,**
**MCFADDEN and MCMILLIAN , JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 7, 2013**

# In the Court of Appeals of Georgia

A12A1891. WALKER et al. v. MECCA et al.

McFADDEN, Judge.

Devona Walker, the parent and guardian of Sherwood Burnett, and Tiyesha Burnett filed a personal injury action against Kyle Mecca, Gerald Mecca and Earl Sheppard III. Finding that the plaintiffs previously had dismissed two prior lawsuits arising from the same automobile accident, the trial court granted the Meccas' motion to dismiss as to all three defendants on the ground that the action was barred by OCGA § 9-11-41 (a) (3). The plaintiffs appeal, arguing that OCGA § 9-11-41 (a) (3) does not bar the action because the dismissed lawsuits involved different defendants. But there is no such limit on the scope of OCGA § 9-11-41 (a) (3). It applies when an action seeking recovery on the same claim was brought and dismissed twice, regardless of the parties named as defendants. We therefore affirm.

"The facts relevant to this appeal are undisputed, and our review is de novo." (Citation omitted.) *Controlled Blasting v. Viars*, 293 Ga. App. 284, (666 SE2d 626) (2008). On June 13, 2009, the plaintiffs were passengers in Sheppard's vehicle when it was involved in a collision with a vehicle driven by Kyle Mecca. The plaintiffs filed three complaints alleging that they were injured in the accident and seeking recovery for their injuries. They filed a complaint on September 21, 2009, against the Meccas, which they dismissed on June 20, 2011. They filed a complaint on June 6, 2011, against Sheppard, which they dismissed on June 20, 2011. They filed the instant action on July 6, 2011, against the Meccas and Sheppard, again alleging that they were injured in the June 13 accident and seeking recovery for their injuries sustained in that accident.

The Meccas moved to dismiss the complaint, arguing that under OCGA § 9-11-41 (a) (3) two previous voluntary dismissals of the personal injury action operate as an adjudication on the merits as to them even though they were not defendants in both previous dismissals of the action. The trial court granted the motion, holding that it applies to all defendants, and the plaintiffs appeal.

Under OCGA § 9-11-41 (a) (3), a voluntary dismissal "is without prejudice, except that the filing of a second notice of dismissal operates as an adjudication upon

the merits." As the trial court correctly held, this case is controlled by *Belco Electric v. Bush*, 204 Ga. App. 811 (420 SE2d 602) (1992). In *Belco*, decided under a former version of the statute that applied when a party had dismissed an action three times, see Ga. L. 2003, p. 820, § 4, we ruled that "the controlling factor is the third voluntary dismissal of the same cause of action rather than the named party defendants." *Belco*, 204 Ga. App. at 815. We held that

> [u]nder the plain language of OCGA § 9-11-41 (a), an adjudication on the merits is based not on a requirement that the same defendant was three times dismissed, but because an action seeking recovery on the same claim was brought and voluntarily dismissed three previous times. Thus, the statute is designed to prevent a plaintiff from repeatedly filing actions for the same claim against any defendant, not only previously named defendants.

Id.

In this case, "[a]lthough various defendants were named in the suits, the present action, and all of the previous actions brought and voluntarily dismissed by the [plaintiffs], sought recovery on the same claim," id., the injuries the plaintiffs sustained as a result of the June 13, 2009 accident.

The plaintiffs contend that they may proceed under the authority of *Hedquist v. Merrill Lynch, Pierce, Fenner & Smith*, 272 Ga. 209 (528 SE2d 508) (2000), and

*Mateen v. Dicus*, 286 Ga. App. 760, 650 SE2d 272, (2007). Those cases involved the issue of whether a voluntary dismissal with prejudice of one party extended to another party. *Hedquist*, 272 Ga. at 212 (2); *Mateen*, 286 Ga. App. at 761 (2). Neither of those cases involved the application of OCGA § 9-11-41, and they are therefore not controlling.

The plaintiffs' two previous voluntary dismissals of the personal injury action operated as an adjudication on the merits, and the trial court correctly granted the motion to dismiss.

*Judgment affirmed. McMillian, J., concurs. Barnes, P. J., concurs fully and specially.*

# In the Court of Appeals of Georgia

A12A1891. WALKER et al. v. MECCA et al.

BARNES, Presiding Judge, concurring specially.

I concur fully with the majority opinion, which holds that the "two dismissal" rule set forth in OCGA § 9-11-41 (a) (3) must be applied when an action seeking recovery on the same claim is brought and dismissed twice, irrespective of the parties named as defendants. While this case is controlled by *Belco Electric v. Bush*, 204 Ga. App. 811, 815 (420 SE2d 602) (1992), I write separately to explain why the language and structure of OCGA § 9-11-41 compels the result reached in *Belco* and by the majority in this case. Nevertheless, while the result in this case is dictated by the current statutory scheme, there also are good reasons why the General Assembly

should amend OCGA § 9-11-41 so that the "two dismissal" rule applies only to the same or substantially the same defendant, and I urge the General Assembly to do so.

As an initial matter, the language of OCGA § 9-11-41 (a) (3), when construed together with subsection (d) of the same statute, dictates that the "two dismissal" rule be applied even if the defendant is not the same in both suits. Specifically, OCGA § 9-11-41 (a) (3) provides: "A dismissal under this subsection is without prejudice, except that the filing of a second notice of dismissal operates as an adjudication upon the merits. In contrast, OCGA § 9-11-41 (d), a subdivision of the same statute regarding costs, provides: "If a plaintiff who has dismissed an action in any court commences an action based upon or including the same claim *against the same defendant*, the plaintiff shall first pay the court costs of the action previously dismissed." (Emphasis supplied.) "Where, as here, the legislature uses certain language in one part of the statute and different language in another, the court assumes different meanings were intended." (Citation and punctuation omitted.) *Berryhill v. Georgia Cmty. Support & Solutions*, 281 Ga. 439, 442 (638 SE2d 278) (2006). We therefore must assume that if the General Assembly had intended to limit the "two dismissal" rule to cases where the defendant was the same in both suits, it

2

would have done so, as it did in the cost provision of the same statute.

While the result of this case is dictated by the language of OCGA § 9-11-41 (a) (3) and the canons of statutory construction, there are important reasons why the General Assembly should amend OCGA § 9-11-41 (a) (3) to limit its application to cases where the defendant is the same or substantially the same. First, OCGA § 9-11-41 (a) (3) should be amended because applying the "two dismissal" rule to unrelated defendants is inconsistent with the public policy behind the rule. As we have explained, the commonly understood public policy behind having a "two dismissal" rule is "[t]o prevent the unscrupulous plaintiff from harassing a defendant by repeatedly filing the same complaint." *Harris v. Sampson*, 162 Ga. App. 241, 243 (290 SE2d 165) (1982). Discussing the "two dismissal" rule under Federal Rule of Civil Procedure 41, Professors Wright and Miller have opined that

> a general holding that the "two dismissal" rule applies even when the suits are not against the same defendant seems unsound. If two defendants are unrelated, it is difficult to see how one defendant can be so harassed by a single dismissal against [him] that the dismissal should be with prejudice merely because an earlier action on the same claim against the other defendant was dismissed.

3

9 Charles Alan Wright et al., Federal Practice and Procedure § 2368 (3d. ed. 2012). Consistent with the public policy behind the rule, many courts have held that the "two dismissal" rule should not be applied to unrelated defendants. See, e.g., *Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F2d 724, 728 (9th Cir. 1991); *Fernandez v. Estate of Gatti*, No. 10-62269-CIV, 2011 WL 2077817, at *2-3 (S.D. Fla. May 26, 2011); *Matvejs v. Martin County Sheriff's Office*, No. 06-14133-CIV, 2006 WL 3755202, at *3 (S.D. Fla. Dec. 19, 2006); *Falkenstein v. Braufman*, 88 NW2d 884, 888-889 (Minn. 1958). In contrast, Georgia, through its enactment of OCGA § 9-11-41 (a) (3), has adopted a "two dismissal" rule that is overinclusive given the underlying public policy involved.

Second, OCGA § 9-11-41 (a) (3) should be amended because application of the "two dismissal" rule to unrelated defendants is inconsistent with application of the renewal statute, OCGA § 9-2-61. We have construed the renewal statute as requiring that the first suit dismissed by the plaintiff and the second-filed suit must involve the same or "substantially identical" defendants for the privilege of renewal to be exercised. See, e.g., *Gish v. Thomas*, 302 Ga. App. 854, 861-862 (3) (691 SE2d 900) (2010); *Soley v. Dodson*, 256 Ga. App. 770, 772-773 (569 SE2d 870) (2002). Because OCGA § 9-11-41 and OCGA § 9-2-61 are clearly interrelated, see *Crawford*

4

*v. Kingston*, 316 Ga. App. 313, 316 (2) (728 SE2d 904) (2012), amending OCGA § 9-11-41 (a) (3) so that the "two dismissal" rule would not apply to unrelated defendants would harmonize the two statutes, which is surely the better result.

As we have emphasized, "this Court has authority only to interpret statutes, not to rewrite them." *Morrison v. Claborn*, 294 Ga. App. 508, 513 (2) (669 SE2d 492) (2008). The remedy in this case, therefore, lies with our legislature. For the reasons previously discussed, I urge the General Assembly to amend OCGA § 9-11-41 (a) (3) so that the "two dismissal" rule applies only when an action seeking recovery on the same claim has been brought and voluntarily dismissed twice against the same or substantially the same defendant.