**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MARKLE and HODGES, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT.  ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**January 22, 2021**

# In the Court of Appeals of Georgia

A20A2097. JOYNER et al. v. LEAPHART et al.

McFADDEN, Chief Judge.

This is a wrongful death action, alleging medical and nursing malpractice. Plaintiffs Vanessa and Brock Joyner appeal an order dismissing with prejudice all of their claims against the appellees, defendants Lynn Leaphart, M. D. and MPPG, Inc. The Joyners argue that the two-dismissal rule of OCGA § 9-11-41 (a) (3) — that the filing of a second notice of voluntary dismissal operates as an adjudication on the merits — does not apply. But it does, and we must affirm.

1. *Background*.

The Joyners' fatal misstep arose out of the transfer of their case, on forum non conveniens grounds, from Fulton to Chatham County. The misstep occurred in their subsequent attempt to add two more defendants.

The Joyners initially brought this action in the State Court of Fulton County. Dr. Leaphart was among the several defendants named. That court found Chatham County to be a more convenient forum and transferred the case to the state court of that county.

Thereafter the Joyners undertook to bring in two additional defendants. MMPG was one of those defendants. (The other is not a party to this appeal.) Because they believed the statute of limitation was imminent, their attorneys were in Atlanta, and electronic filing was not yet available in the State Court of Chatham County, the Joyners chose to do so by filing separate actions against them in Fulton State Court.

The parties agreed that the two new actions needed to become part of the case pending in the Chatham State Court. The Chatham court entered a consent order providing that the Joyners could add the defendants named in the two new Fulton County cases to the Chatham County case.

But before amending the Chatham County lawsuit to add those defendants, the Joyners made their fatal mistake. In what appears to have been intended as a step in implementing the parties' agreement, they voluntarily dismissed the two Fulton County lawsuits.

The appellees then invoked the two-dismissal rule of OCGA § 9-11-41 (a) (3). They moved to dismiss the Chatham County lawsuit — which was the only remaining lawsuit — on the grounds that the Joyners' two voluntary Fulton County dismissals resulted in an adjudication on the merits.

Before ruling on the motion to dismiss, the Chatham State Court stayed the case so that the Joyners could attempt to withdraw or to move to set aside their voluntary dismissals of the Fulton County complaints. The Joyners filed a motion to set aside the voluntary dismissals in the Fulton State Court. But that court denied the motion.

The Joyners filed a notice of appeal of that denial. But we dismissed their appeal as untimely and for failure to follow the discretionary appeal procedure, which must be followed in order to appeal from the denial of a motion to set aside. See OCGA § 5-6-35 (a) (8).

The Chatham State Court then lifted its stay and granted Leaphart and MPPG's motion to dismiss. The Joyners filed this appeal.

2. *OCGA § 9-11-41.*

OCGA § 9-11-41 is the statute that governs voluntary dismissals. It authorizes plaintiffs to dismiss without prejudice, providing in part that "an action may be

3

dismissed by the plaintiff, without order or permission of court [b]y filing a written notice of dismissal at any time before the first witness is sworn[.]" OCGA § 9-11-41 (a) (1) (A).

But, as noted, "the filing of a second notice of [voluntary] dismissal operates as an adjudication upon the merits." OCGA § 9-11-41 (a) (3). "It follows that, under OCGA § 9-11-41 (a) (3), a plaintiff who has voluntarily dismissed a complaint two times is barred by the res judicata effect of that provision from" pursuing a third complaint. *Cracker Barrel Old Country Store v. Robinson*, 341 Ga. App. 285, 286 (800 SE2d 372) (2017).

That rule "applies when an action seeking recovery on the same claim was brought and dismissed twice, regardless of the parties named as defendants." *Walker v. Mecca*, 320 Ga. App. 142, 143 (739 SE2d 450) (2013).

Presiding Judge Barnes concurred fully and specially in *Walker,* acknowledging that the holding we reaffirmed in that case was compelled "by the language and structure of OCGA § 9-11-41" but urging "the General Assembly [to] amend OCGA § 9-11-41 so that the 'two dismissal' rule applies only to the same or substantially the same defendant[.]" *Walker*, 320 Ga. App. at 144 (Barnes, P. J., concurring fully and specially). She urged that so limiting the rule would be

consistent with the commonly understood public policy behind the rule: preventing harassment of a defendant with repeated lawsuits. Id. at 145. And she urged that "application of the 'two dismissal' rule to unrelated defendants is inconsistent" with our understanding of the closely related renewal statute, OCGA § 9-2-61 — that "the second-filed suit must involve the same or 'substantially identical' defendants for the privilege of renewal to be exercised." Id. at 146.

But the General Assembly has not amended OCGA § 9-11-41 since we decided *Walker*. 320 Ga. App. 142. So the rule that a second notice of voluntary dismissal of the same claim operates as an adjudication upon the merits, regardless of the parties named as defendants, remains the law.

3. *Chatham State Court order granting consent motion to allow the Joyners to add parties*.

The Joyners argue that the Chatham State Court's grant of the consent motion to allow them to add parties precluded the dismissal of their complaint. They urge us to characterize that order as a transfer order, "transferring Memorial and MPPG, Inc. to the State Court of Chatham County where venue was proper." The Joyners then argue that the court erred in dismissing their complaint because where venue is improper, the correct remedy is to transfer, not to dismiss. But the order was not a

5

transfer order. It did not transfer anything (and we do not think the Chatham State Court could transfer actions pending in the Fulton State Court). The order simply granted the Joyners permission to amend their complaint to add defendants.

Similarly, the Joyners argue that since venue was improper in Fulton County, where they filed their second and third lawsuits *after* the first lawsuit had been transferred to Chatham County, their voluntary dismissals must be treated as motions to transfer their cases to Chatham County. But the Joyners cite no authority that would have directed or authorized either the Fulton State Court or the Chatham State Court to treat a plaintiff's own voluntary dismissal as a motion to transfer. To so hold would infringe upon a plaintiffs' right to file a voluntary dismissal and thereby terminate an action. *Page v. Holiday Inns*, 245 Ga. 12, 12-13 (262 SE2d 783) (1980).

3. *Prior pending action statutes*.

The Joyners also argue that their dismissals were not voluntary because they were mandated by the "prior pending action" statutes. OCGA §§ 9-2-5 (a) ("No plaintiff may prosecute two actions in the courts at the same time for the same cause of action and against the same party. If two such actions are commenced simultaneously, the defendant may require the plaintiff to elect which he will prosecute. If two such actions are commenced at different times, the pendency of the

former shall be a good defense to the latter."); 9-2-44 (a) ("A former recovery or the pendency of a former action for the same cause of action between the same parties in the same or any other court having jurisdiction shall be a good cause of abatement."). They further argue that because their dismissals were mandated, not voluntary, OCGA § 9-11-41 does not apply.

Nothing in those statutes, however, requires a plaintiff to dismiss a lawsuit. Rather, the statutes provide a defense to a defendant against whom another lawsuit for the same cause of action is pending. "The remedy thus provided for violation of OCGA § 9-2-5 (a) is in the nature of a shield by which an aggrieved defendant may protect himself from defending duplicitous lawsuits." *Hose v. Jason Prop. Mgmt. Co.*, 178 Ga. App. 661, 663 (344 SE2d 483) (1986). The statutes would have provided Memorial and MPPG a defense had the Fulton State Court actions been pending when they were added as parties to the action transferred from Fulton County to Chatham County. The statutes did not require the Joyners to dismiss their lawsuits nor did the statutes render the Joyners' dismissals void or nullities. See *Zohoury v. Zohouri*, 218 Ga. App. 748, 749-750 (3) (463 SE2d 141) (1995) (rejecting appellants' argument that some of their dismissals should not count for purposes of OCGA § 9-11-41 (a) because they were duplicative of prior pending actions, and thus, mandated under

7

OCGA § 9-2-5 (a), because "the existence of a prior pending action is a good defense to a second action, but this does not, without more, render the second action void or a nullity.") (punctuation omitted).

4. *Judicial estoppel*.

The Joyners argue that Leaphart and MPPG are judicially estopped from raising the defense of OCGA § 9-11-41 (a) (3). We disagree.

The purpose of the equitable doctrine of judicial estoppel is to protect the integrity of the judicial process. *Ibf Participating Income Fund v. Dillard-Winecoff*, 275 Ga. 765, 766 (573 SE2d 58) (2002). Therefore, for judicial estoppel to apply, the party to be estopped "must have succeeded in persuading a court to accept the party's earlier position; . . . absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations, and thus poses little threat to judicial integrity[.]" Id. at 767 (citations and punctuation omitted).

Here, the Joyners have not shown that the appellees successfully persuaded the Fulton State Court to accept a particular position. Neither appellee Leaphart nor appellee MPPG argued to the Fulton State Court that the Joyners' Fulton County lawsuits should be dismissed because the Joyners could proceed in Chatham County. (Although co-defendant Memorial Health University Medical Center moved to

dismiss or transfer for improper venue the lawsuit against it, the court never ruled on that motion.) And, most importantly, the Fulton County court did not dismiss the lawsuits; it took no action on them. Instead, the Joyners themselves voluntarily dismissed their lawsuits. Because the appellees did not succeed in persuading the Fulton County court to accept any particular position, judicial estoppel does not apply.

5. *Other grounds of estoppel.*

The Joyners argue that Leaphart and MPPG are estopped by principles of justice from asserting that their second voluntary dismissal was an adjudication on the merits. We disagree.

First, the Joyners argue that Leaphart and MPPG persuaded the Chatham State Court that the Fulton State Court dismissals were simply procedural prerequisites to the grant of the consent order. This is not shown by the record. Nothing in the consent order conditions the grant of the parties' consent motion on the Joyners' dismissal of the Fulton State Court lawsuits.

Next, the Joyners argue that the appellees breached a promise that after the dismissals were filed, the case would be adjudicated on the merits. The Joyners argue

9

that the trial court erred by failing to correct the injustice caused by their reliance on this promise.

The Joyners point to certain email correspondence in which the parties discussed how best to get all the claims in front of the Chatham State Court. In one of the emails, counsel for appellees suggested that the Joyners dismiss the actions pending in Fulton State Court. The Joyners argue that they followed this suggestion, and now the appellees cannot take the position that the Chatham State Court case cannot proceed on the merits. The emails do not estop Leaphart and MPPG from arguing that the second voluntary dismissal was an adjudication on the merits or from invoking the legal effect of the two-dismissal rule.

"In order for an equitable estoppel to arise, there shall generally be some intended deception in the conduct or declarations of the party to be estopped, or such gross negligence as to amount to constructive fraud, by which another has been misled to his or her injury." OCGA § 24-14-29. And "[m]ere ignorance of the law on the part of the party himself, where the facts are all known and there is no misplaced confidence and no artifice, deception, or fraudulent practice is used by the other party either to induce the mistake of law or to prevent its correction, shall not authorize the intervention of equity." OCGA § 23-2-27.

Here, there is no indication that the appellees intended to deceive the Joyners. And even if there were, our analysis would not change because their argument is based on the premise that the appellees misrepresented the legal effect of dismissing the Fulton State Court lawsuits. But "[t]here can be no estoppel by conduct where both parties have equal knowledge or equal means of knowing the truth." *Collins v. Grafton*, 263 Ga. 441, 443 (2) (435 SE2d 37) (1993) (citations and punctuation omitted). The Joyners had the means of determining the legal effect of their two dismissals while "the appellees were under no duty to discover and inform" them of that legal effect. *Robbins v. Natl. Bank of Ga.*, 241 Ga. 538, 543 (2) (246 SE2d 660) (1978). The law "is well settled that fraud cannot be predicated upon misrepresentations of law or misrepresentations as to matters of law." Id. It is also "well settled that a simple mistake by a party . . . as to the legal result of an act which he performs[] is no ground for either defensive or affirmative relief." Id. at 544 (2) (citation and punctuation omitted). See generally *Dept. of Transp. v. Revco Discount Drug Centers*, 322 Ga. App. 873 (746 SE2d 631) (2013) (plaintiff who mistakenly dismissed subsequent lawsuit with prejudice instead of without prejudice was barred by res judicata from pursuing claims in earlier lawsuit although parties had agreed to allow plaintiff to intervene in earlier lawsuit, and trial court had entered an order

11

allowing plaintiff to intervene and directing plaintiff to dismiss its subsequent lawsuit).

The Joyners had the means to determine themselves the effect of their voluntary dismissals under OCGA § 9-11-41 (a) (3), so their argument that the appellees' suggestion estops the appellees from relying on the statute fails. *Collins*, 263 Ga. at 443 (2).

In any event, as a matter of law, the Joyners' second voluntary dismissal operated as an adjudication on the merits — whether or not Leaphart and MPPG filed a motion to dismiss. OCGA § 9-11-41 (a) (3). In granting the appellees' motion to dismiss, "[t]he trial court did nothing more than reduce to writing the legal effect accomplished by operation of law with the [second] voluntary dismissal." *Zohouri*, 218 Ga. App. at 751 (5). And, as detailed above, the Joyners were unsuccessful in the trial court and in this court in their attempt to set aside the voluntary dismissals. So the Joyners have not shown that the Chatham State Court erred by granting the appellees' motion to dismiss.

*Judgment affirmed. Markle and Colvin, JJ., concur*.