**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 6, 2026**

# In the Court of Appeals of Georgia

A25A1950. MILLER v. WILCOXSON.

FULLER, Senior Judge.

In this action for breach of fiduciary duty and related claims, plaintiff Marcus Miller appeals from the dismissal of his complaint as time-barred, contending that the trial court erred when it determined that his claims are subject to a four-year statute of limitation. For the reasons that follow, we disagree and affirm.

By way of background, and as we recounted in a prior related appeal between the parties, defendant Sarita Wilcoxson's minor daughter Sariah was shot and killed on an approach to a housing complex in January 2016. *Miller v. Wilcoxson*, 372 Ga. App. 686, 686 (905 SE2d 889) (2024). In November 2016, Wilcoxson sued the owners and operators of the complex, asserting claims for wrongful death and for Sariah's

personal injuries. Id. Multiple law firms, including Thomas Kennedy Sampson & Tompkins LLP ("TKST"), represented Wilcoxson in that proceeding. In connection with that lawsuit, a TKST attorney tried unsuccessfully to contact Miller — Sariah's father — who did not participate in the litigation. That case settled in April 2019. Id. "Half of the net settlement proceeds [of approximately $7 million] were disbursed to Wilcoxson, while the other half were placed in escrow pending court determination as to the rightful recipient." Id. at 686–87.

Wilcoxson later voluntarily dismissed the wrongful death action with prejudice in May 2019. *Miller*, 372 Ga. App. at 687. After a representative of Sariah's estate informed Miller that he may be entitled to a portion of the settlement, Wilcoxson filed a motion in the wrongful death proceeding to apportion the settlement proceeds pursuant to OCGA § 19-7-1(c)[1] in November 2019. See id. Wilcoxson asserted in her motion that she had prosecuted the wrongful death claim (in which, as discussed above, Miller did not participate) in accordance with OCGA § 19-7-1(c)(2)(C) and that one-half of the net settlement proceeds had been held in trust pending court determinations as to whether Miller was Sariah's father and what percentage, if any,

---

[1] As discussed in more detail below, OCGA § 19-7-1 governs parents' rights to share in recoveries for the wrongful deaths of certain children.

of the proceeds he was entitled to collect.[2] Following a hearing regarding each parent's relationship with Sariah, the trial court granted the apportionment motion and directed that three percent of the settlement proceeds be disbursed to Miller. Id. at 688. Miller appealed, and we reversed, holding that Wilcoxson's voluntary dismissal of the action divested the trial court of jurisdiction to rule on the subsequently filed apportionment motion. Id. at 689(1).

On November 20, 2024, Miller initiated the current action against Wilcoxson, asserting claims for, as relevant here, breach of fiduciary duty and an accounting (Count I), and fraud, deceit, and conversion (Count II).[3] In Count I, Miller asserted that Wilcoxson owed him a fiduciary duty that arose when she contracted with TKST to represent her in the wrongful death action pursuant to OCGA § 19-7-1(c)(2)(C). And he claimed that Wilcoxson breached that duty when she failed to inform him that she had done so, failed to provide him with an accounting and pay him one-half of the

---

[2] DNA testing established Miller's paternity in 2021.

[3] Miller also asserted a claim for OCGA § 13-6-11 attorney fees, but he does not address the dismissal of that claim on appeal. See generally *United Cos. Lending Corp. v. Peacock*, 267 Ga. 145, 147(2) (475 SE2d 601) (1996) ("A prerequisite to any award of attorney fees under OCGA § 13-6-11 is the award of damages or other relief on the underlying claim[s].").

settlement proceeds, improperly disbursed the proceeds, and converted funds belonging to him. Count II relied on many of the same allegations, as well as claims that Wilcoxson misrepresented and failed to disclose to Miller facts about the wrongful death action. As relief, Miller sought, among other things, an accounting, monetary damages, and attorney fees.

Contemporaneously with her answer, Wilcoxson moved to dismiss Miller's complaint as time-barred and for failure to state a claim. In its order granting the motion, the trial court concluded that Miller's claims: (i) accrued no later than 2019, when, among other things, he responded to Wilcoxson's motion for apportionment in the wrongful death action[4]; and (ii) were untimely asserted more than four years after they accrued. This appeal followed.

Miller challenges the trial court's ruling that a four-year statue of limitation applies to his claim for breach of fiduciary duty. We discern no error.

Whether a statute of limitation bars an action generally is a mixed question of law and fact, but the question is one of law where, as here, the pertinent facts appear

---

[4] Wilcoxson attached filings from several other proceedings as exhibits to her motion to dismiss Miller's complaint. On appeal, Miller does not challenge the trial court's reliance on any such documents; to the contrary, he relies on some of them in his appellate brief.

to be undisputed. *Harrison v. McAfee*, 338 Ga. App. 393, 395(2) (788 SE2d 872) (2016). Accord *Fleming v. Lee Eng'g & Constr. Co.*, 184 Ga. App. 275, 275–76 (361 SE2d 258) (1987). Our review, therefore, is de novo. See, e.g., *Spruell v. Spruell*, 356 Ga. App. 722, 724 (848 SE2d 896) (2020). "Georgia has no specific statute of limitation for breach of fiduciary duty claims. Instead, we examine the injury alleged and the conduct giving rise to the claim to determine the appropriate statute of limitation." *Niloy & Rohan, LLC v. Sechler*, 335 Ga. App. 507, 512(2) (782 SE2d 293) (2016) (quotation marks omitted). The statute of limitation for fraud is four years, pursuant to OCGA § 9-3-31. *Copeland v. Miller*, 347 Ga. App. 123, 125(1) (817 SE2d 692) (2018). Accord *Majeed v. Randall*, 279 Ga. App. 679, 681(3) (632 SE2d 413) (2006). Thus, where a claim for breach of fiduciary duty is premised on allegations of fraud, a four-year limitation period applies. See *Antley v. Small*, 360 Ga. App. 617, 623–24(5) (859 SE2d 881) (2021); *Godwin v. Mizpah Farms*, 330 Ga. App. 31, 39(3)(b) n.8, 42(3)(c) (766 SE2d 497) (2014); *Kothari v. Patel*, 262 Ga. App. 168, 174(3) (585 SE2d 97) (2003).

In contrast, "[u]nder OCGA § 9-3-24, an action for breach of a written contract must be brought within six years of the breach." *Godwin*, 330 Ga. App. at 38(3)(b)

(quotation marks omitted). Accord *S. States Chem. v. Tampa Tank & Welding*, 359 Ga. App. 731, 738(2)(a) (858 SE2d 72) (2021). "[T]he six-year statute of limitation applies to claims involving the breach of a written contract, including claims for . . . breach of duty arising from the same factual basis as the breach of a written contract claim." *Old Republic Nat'l Title Ins. Co. v. Darryl J. Panella, LLC*, 319 Ga. App. 274, 276(1) (734 SE2d 523) (2012).

Miller's claims against Wilcoxson are premised on the statutory scheme governing surviving parents' rights to share in the recovery for the wrongful death of a child who is not survived by a spouse or children. The relevant statute provides that, where, as here, "the deceased child does not leave a spouse or child," the right of recovery for the full value of the child's life lies in the child's parent or parents. OCGA § 19-7-1(c)(1)–(2). As also is the case here,

> if the parents are . . . living apart and one parent refuses to proceed or cannot be located to proceed to recover for the wrongful death of a child, the other parent shall have the right to contract for representation on behalf of both parents, thereby binding both parents, and the right to proceed on behalf of both parents to recover for the homicide of the child with any ultimate recovery to be shared by the parents as provided in this subsection. Unless a motion is filed as provided in paragraph (6) of this

subsection, such a judgment shall be divided equally between the parents by the judgment . . . .

OCGA § 19-7-1(c)(2)(C).

Paragraph (6) of the statute provides that a motion may be filed by either parent before trial asking the trial court "to apportion fairly any judgment amounts awarded in the case." OCGA § 19-7-1(c)(6). The court must then conduct a hearing to "determine the percentage of the judgment to be awarded to each parent." Id. Thus, under the statutory scheme, where, as here, "one parent undertakes to prosecute the cause, the other is nevertheless bound by such action and the law provides for equitably apportioning any proceeds." *Blanton v. Moshev*, 262 Ga. 254, 255(1) (416 SE2d 506) (1992).

(a) On appeal, Miller does not challenge the trial court's ruling that his Count II claims for fraud, deceit, and conversion are time-barred, and we therefore express no opinion on this issue, which we deem waived. See *Gresham v. Harris*, 349 Ga. App. 134, 138(1) n.10 (825 SE2d 516) (2019) (concluding that the appellant waived any claim that the trial court erred in making a certain finding "by failing to enumerate it as an error and provide any supporting argument" on appeal); *Karlsberg v. Hoover*, 142

Ga. App. 590, 594 (236 SE2d 520) (1977) ("[A]n appellant is required in its initial brief to file an argument which supports any enumerations of error it does not wish to waive.").

(b) Turning to Miller's Count I claim, even assuming that Wilcoxson owed him a fiduciary duty, it did not arise from a written contract. In that regard, Miller does not allege that Wilcoxson violated any contractual duties set forth in any agreement she may have had with her attorneys in the wrongful death action.[5] See generally *UWork.com v. Paragon Techs.*, 321 Ga. App. 584, 590(1) (740 SE2d 887) (2013) ("The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." (quotation marks omitted)). And contrary to Miller's suggestion, on the facts of this case, any potential fiduciary duty that Wilcoxson may have owed to him necessarily flowed directly from OCGA § 19-7-1 and the maintenance of her wrongful death lawsuit, not from any contract she may have had with her attorneys in that proceeding; any such duty therefore was statutory, not contractual. See OCGA § 19-7-1(c)(2)(C). Put another way, any such duty arose from "the same factual basis"

---

[5] Indeed, Miller does not identify any record evidence purporting to describe the contents of any such agreement.

as the wrongful death action, not the "factual basis" of any potential fee arrangement Wilcoxson may have had with her counsel. *Old Republic Nat'l Title Ins. Co.*, 319 Ga. App. at 276(1).

Moreover, Miller's claim that Wilcoxson violated such a duty is premised primarily — if not entirely — on his claim that she committed fraud in various ways associated with the settlement of that action and distribution of the proceeds thereof. Consequently, the trial court correctly ruled that the four-year statute of limitation for fraud applies to Miller's breach-of-fiduciary-duty claim. Compare *Antley*, 360 Ga. App. at 623–24(5) (concluding that a four-year statute of limitation applied to a claim for breach of fiduciary duty because the plaintiffs' "primary allegations [were] fraud-based claims, and because [the plaintiffs] did not allege a specific violation of [an] LLC agreement" underlying the fiduciary relationship), and *Godwin*, 330 Ga. App. at 42(3)(c) (applying the OCGA § 9-3-31 four-year statute of limitation to a claim for breach of fiduciary duty seeking to recover for damage to one's personal property "arising from the breach of common law *and statutory duties*" (emphasis added)), with id. at 38(3)(b) (concluding that a cause of action for breach of fiduciary duty, premised on claims that various parties to a partnership agreement violated the agreement, was

subject to the OCGA § 9-3-24 six-year statute of limitation for actions on contracts), and *Crosby v. Kendall*, 247 Ga. App. 843, 849(2)(c) (545 SE2d 385) (2001) (holding that the appellees' claims for breach of fiduciary duty arising out of the breach of an escrow agreement were subject to the OCGA § 9-3-24 six-year statute of limitation).

Finally, Miller has waived, by failing to raise on appeal, any challenge he may have to the trial court's ruling that his breach-of-fiduciary-duty claim accrued no later than 2019. See *Gresham*, 349 Ga. App. at 138(1) n.10; *Karlsberg*, 142 Ga. App. at 594. Consequently, because we affirm the trial court's ruling that a four-year statute of limitation applies to Miller's breach-of-fiduciary-duty claim, we likewise affirm the court's ruling that the claim was time-barred.

*Judgment affirmed. Dillard, P. J., and Mercier, J., concur.*