## 62413. JOHNSON v. FREEMAN.

SHULMAN, Presiding Judge.

Appellee, a contractor, brought suit against appellant in two counts. Count 1 sought damages under a written contract for the renovation of appellant's residence. Count 2 sought damages under an oral contract for additional work not included in the written contract. The trial court, sitting without a jury, entered judgment for appellee on both counts. Appellant brings this appeal from that portion of the judgment concerning the oral contract. We affirm.

1. Before the institution of the action which led to this appeal, appellee filed four different suits against appellant. Those suits were filed by appellee without the assistance of counsel. When counsel was retained, however, those four suits were voluntarily dismissed by the filing of one document which listed the case numbers of all four suits. Before trial and again after the presentation of appellee's case, appellant moved to dismiss the action under the provisions of Code Ann. § 81A-141(a). The trial court's refusal to dismiss the action is enumerated as error.

Code Ann. § 81A-141 (a) provides that a plaintiff may voluntarily dismiss an action without prejudice, "except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has twice dismissed in any court an action based on or including the same claim." We do not find that rule applicable to the present case. There was but one dismissal of several actions which could have and should have been consolidated for trial had they survived to that stage of litigation. Appellant has demonstrated no way in which she has been prejudiced in the presentation of her defense. To hold that a dismissal was mandated by the facts of this case would elevate form over substance and would frustrate what the trial court found from the evidence to be a meritorious claim. We decline, therefore, to disturb the trial court's finding that there was but one dismissal in this case or its consequent denial of appellant's motion to dismiss.

2. Appellant's second enumeration of error is that the evidence did not support the trial court's finding that appellant was liable for damages under an oral contract to do work outside the scope of the earlier written contract. Although the evidence on this issue was conflicting, there was evidence that there was an agreement such as appellee asserted in this suit and that appellee had performed fully thereunder. Therefore, since it cannot be said that the trial court's finding was clearly erroneous, that finding may not be disturbed. Code Ann. § 81A-152 (a); *Mullins v. Oden & Sims Used Cars,* 148 Ga. App. 250 (2) (251 SE2d 65).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED NOVEMBER 5, 1981 —
REHEARING DENIED NOVEMBER 19, 1981 —

*William J. Brennan, Jr.,* for appellant.
*Roy W. Mays III,* for appellee.