### 67287. FAIRCLOTH et al. v. COX BROADCASTING CORPORATION et al.

Quillian, Presiding Judge.

The present appellant, Harold Faircloth, brought a motion to intervene and to set aside a judgment in an action brought by Cox Broadcasting Corp. d/b/a WSB Radio against C. M. G., Inc. et al. The motion alleged that Faircloth was a judgment creditor of CMG and that he on behalf of CMG had obtained a final judgment against Fred L. Greener whereby a fund in excess of $130,000 had been created for

the benefit of CMG's creditors. It was further alleged that the action between WSB and CMG was brought in 1975 and no order was entered therein between 1975 and 1982 when WSB obtained a judgment against CMG; that from the face of the record WSB's debtor was not CMG. It was further alleged that since Faircloth had established a fund on behalf of creditors of CMG he should be allowed to intervene to set aside WSB's judgment against CMG; if WSB was actually a creditor of CMG it could prove its claim as against the fund. The movant Faircloth prayed that he be allowed to intervene and that the 1982 judgment for WSB be set aside.

WSB filed a response to Faircloth's motion and a hearing was held on the motion to set aside judgment, at the conclusion of which the trial judge entered an order denying the motion on the ground that: "Intervenor does not have standing as a non party to the original suit and judgment to bring a motion to set aside this judgment."

Faircloth appeals and assigns error to this judgment.

The record reveals that in 1975 WSB brought an action against CMG; that CMG failed to answer WSB's complaint and was in default. CMG failed to take any remedial action to open the default; however, WSB never obtained judgment on the default until April 8, 1982 when judgment was entered in favor of WSB against CMG nunc pro tunc August 20, 1975. *Held:*

This case is controlled by the Supreme Court decision in *Jefferson v. Ross,* 250 Ga. 817 (301 SE2d 268). There a land line case was filed in 1974, a jury verdict was returned in August 1975, but judgment was not entered until November 1981. It was contended that entry of judgment was void because the case had been automatically dismissed after 5 years under OCGA §§ 9-2-60 (b) and 9-11-41 (e) (Code Ann. §§ 3-512 and 81A-141). The Supreme Court declined to apply these code sections to a situation where a jury had returned a verdict. The court noted that "The court's authority to enter judgment on a verdict at any time is derived from its inherent power. *Swindell v. Swindell,* supra. The reason for the rule is at least two-fold: (1) Judicial economy and fairness to the prevailing party; there is no reason to retry a case in which a verdict has been returned simply because no judgment has been entered; (2) the belated judgment can be made to conform to the verdict without reference to evidence outside the record. *Swindell v. Swindell,* supra; *Maloy v. Planter's Warehouse & Lumber Co.,* supra. We conclude that a court of record; in the exercise of its inherent power, has continuing jurisdiction to enter judgment on a jury verdict at any time." The court refused to follow this court's ruling in *Maroska v. Williams,* 146 Ga. App. 130 (245 SE2d 470). The Supreme Court quoted with approval the reason for the 5 year rule as explained in *Swint v. Smith,*

219 Ga. 532 (134 SE2d 595), to wit: "the five year rule has 'at least the dual purpose of preventing court records from becoming cluttered by unresolved and inactive litigation and protecting litigants from dilatory counsel. . . .' " The court then held: "The litigation here has been resolved by jury trial and verdict, and all that remains is the entry of judgment reflecting what has already been accomplished. Judicial economy and fairness to the prevailing party dictate that that which should have been done be done. We hold that the inherent power of a court of record to enter a judgment on a verdict is not extinguished by the passage of five years without entry of an order. We do so because the reasons behind the Code sections requiring dismissal for want of prosecution no longer exist once the case has been prosecuted to verdict."

In the case sub judice there was a default on an action for liquidated damages. The 30 days had expired and the 15 days thereafter, during which such default might have been opened as a matter of right. All that remained to be done was for the entry of judgment since "the plaintiff at any time thereafter shall be entitled to verdict and judgment by default, in open court or in chambers, as if every item and paragraph of the complaint or other original pleading were supported by proper evidence, without the intervention of a jury." OCGA § 9-11-55 (a) (Code Ann. § 81A-155). While under OCGA § 9-11-55 (b) (Code Ann. § 81A-155) the defendant might have moved to open the default, this was not done.

It is therefore clear that this case stood in the same posture as if a jury verdict for the plaintiff had been returned; for all that remained for the plaintiff to do was to have judgment entered in its favor. As was succinctly stated by the Supreme Court: "The five year rule was intended to prevent long delays before trial, not to facilitate such delays." *Jefferson v. Ross,* 250 Ga. 817, 819, supra.

We find the nunc pro tunc judgment in this case was not subject to attack on the basis of the 5 year rule. Therefore, the trial judge did not err in not permitting Faircloth to intervene for the purpose of having such judgment set aside.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 6, 1984 —
REHEARING DENIED FEBRUARY 22, 1984.

*R. John Genins,* for appellants.
*Louis F. Ricciuti,* for appellees.