A93A0443. LAMB v. K. M. INSURANCE COMPANY.
(431 SE2d 744)

JOHNSON, Judge.

Provident General Insurance Company obtained a default judgment against Marvin Spencer on an action on account. Provident then filed a garnishment action against Spencer to recover some of the money awarded in the default judgment. Spencer filed a complaint against Provident and its attorney, T. Gordon Lamb, alleging that they acted fraudulently and maliciously in filing the action on account, obtaining the default judgment and filing the garnishment action against him because he has no account with Provident. Lamb filed a third-party complaint against Spencer's insurer, K. M. Insurance Company, claiming that any damage suffered by Spencer was caused by K. M.'s failure to properly defend and settle the actions filed by Provident against Spencer. K. M. moved for summary judgment as to the third-party complaint. The trial court granted the motion and Lamb appeals.

Lamb contends that the court erred in granting summary judgment to K. M. on his third-party complaint. "A third-party complaint must be against one who is or may be liable to the third-party plain-

tiff for all or part of the original plaintiff's claim against him. OCGA § 9-11-14 does not allow the tender of another defendant who is or may be liable to the plaintiff." (Citations and punctuation omitted.) *Mayor &c. of Savannah v. Southern Bulk Indus.*, 198 Ga. App. 867 (1) (403 SE2d 447) (1991). "[O]ur impleader provision does not allow a defendant to bring in a third-party for the purpose of enforcing a liability against the latter different from that on which the plaintiff is proceeding in an action at law. Impleader is not a device for bringing into an action any controversy which may happen to have some relationship with it. A defendant cannot assert an entirely separate claim against the third-party even though it arises out of the same general set of facts as the main claim. There must be an attempt to pass on to the third-party all or part of the liability asserted against the defendant but not to tender the third party as a substitute defendant. Only one who is secondarily liable to the original defendant may be brought in as a third-party defendant, as in cases of indemnity, subrogation, contribution, warranty and the like." (Citations, punctuation and emphasis omitted.) *Quality Ford Sales v. Greene*, 201 Ga. App. 206, 207 (410 SE2d 389) (1991).

In the instant case, Lamb has simply tendered K. M. as a substitute defendant. Lamb has made no showing that K. M. is secondarily liable to him for any of Spencer's claims of fraud and malice; rather, he has merely asserted an entirely separate claim against K. M. based solely upon K. M.'s alleged failure to properly represent its insured. Because OCGA § 9-11-14 does not allow the tender of another defendant, the trial court did not err in granting K. M.'s motion for summary judgment on Lamb's third-party complaint.

*Judgment affirmed. Blackburn and Smith, JJ., concur.*

DECIDED MAY 26, 1993.

*Lamb & Associates, T. Gordon Lamb, William L. Henderson*, for appellant.

*Gill, Peterson & Harris, Allan F. Harris, Harper, Waldon & Craig, J. Blair Craig, Frank Boucek III*, for appellee.