A95A1885. ZOHOURY et al. v. ZOHOURI et al.
(463 SE2d 141)

SMITH, Judge.

This appeal involves the third-time dismissal rule established by OCGA § 9-11-41 (a). Appellants Nasser Zohoury, Southeastern Apartment Corporation, and World Capital Corporation brought this action against 12 defendants, seeking damages for fraud, negligence, breach of fiduciary duty, and conversion. Appellees answered and counterclaimed, contending that appellants brought multiple lawsuits against appellees for the purpose of harassment and interference with their business. Appellants acknowledge the existence of at least five other actions involving these parties.

According to appellees, the sole purpose of these lawsuits was to file meritless lis pendens notices. It does not appear from the record that appellants have conducted any discovery. In response to interrogatories and requests for production, appellants each served a single blanket objection, requiring appellees to file a motion for sanctions and to compel.

At the hearing on appellees' motion to dismiss or in the alternative to compel for failure to respond to discovery, appellants voluntarily dismissed in open court. Appellees then asked that the dismissal be made a dismissal with prejudice under OCGA § 9-11-41 (a): "the filing of a third notice of dismissal operates as an adjudication upon

the merits." The trial court concluded the voluntary dismissal in open court was on the merits because appellants had dismissed their claims more than three times. The trial court dismissed the action with prejudice, and ordered the clerk to dismiss and cancel the related lis pendens notices.

1. Appellants raise 12 enumerations of error, all pertaining to the dismissal of this action with prejudice under OCGA § 9-11-41 (a). "The unambiguous language of that statute provides that a third notice of dismissal from any court of an action based upon the same claim operates as an adjudication on the merits." *Harris v. Sampson,* 162 Ga. App. 241, 243 (290 SE2d 165) (1982). Appellants acknowledge that more than two claims against appellees have been dismissed without prejudice, but contend that three of the prior actions against appellees should not be considered as previous dismissals of the same claim because they were in the form of third-party complaints. OCGA § 9-11-41 (c), however, explicitly provides: "This Code section also applies to the dismissal of any counterclaim, cross-claim, or *third-party claim.*" (Emphasis supplied.) See *T.V. Tempo v. T.V. Venture,* 182 Ga. App. 198, 199-201 (1) (355 SE2d 76) (1987) (Setoff counterclaim filed by defendant was claim rather than defense, and barred as having been sought in three previous actions).

2. Appellants also contend that certain third-party claims against appellees should not be considered previous claims for purposes of OCGA § 9-11-41 (a) because they were not "proper" third-party claims and were therefore void.[1] Assuming without deciding that dismissal of a void action would not constitute a dismissal under OCGA § 9-11-41 (a), appellants have failed to show that their previous claims were void. It is axiomatic that a third-party action must seek indemnity or some other claim derivative from the main action; it may not simply tender a substitute defendant. *Lamb v. K. M. Ins. Co.,* 208 Ga. App. 746 (431 SE2d 744) (1993). Appellants are incorrect, however, in assuming that an improper third-party action is therefore void or a nullity, rather than simply subject to a defense. The named third-party defendant must move to dismiss for failure to state a claim, if the defect appears on the face of the pleadings, or for summary judgment, as in *Lamb.* A voluntary dismissal without prejudice of such a claim is a dismissal within the meaning of OCGA § 9-11-41 (a).

3. Appellants similarly maintain that some of the earlier dismissals should not be considered for purposes of OCGA § 9-11-41 (a), because they were duplicative of prior pending actions and thus sub-

---

[1] It should be apparent that such an exception would allow incompetent or malicious plaintiffs to file an infinite number of void actions, thus wholly vitiating the purpose of the rule.

ject to dismissal under OCGA § 9-2-5 (a). This argument is likewise without merit. As stated in the Code section, the existence of a prior pending action is "a good defense" to a second action, but this does not, without more, render the second action void or a nullity.

4. Appellants also contend the dismissal with prejudice was improper because some or all of the actions should have been consolidated under OCGA § 9-11-42 (a). This contention is without merit, because that Code section requires the consent of all parties for consolidation. See *Uniroyal Goodrich Tire Co. v. Ford*, 218 Ga. App. 248 (461 SE2d 877) (1995). The case cited by appellants, *Johnson v. Freeman*, 160 Ga. App. 431 (287 SE2d 314) (1981), does not demand a contrary result. In *Johnson*, four simultaneous and apparently identical actions were filed by a party pro se. He later retained counsel, who dismissed the pro se actions by means of a *single* document and filed a substitute complaint. This, the court held, was "but one dismissal," 160 Ga. App. at 432 (1), not four. Appellants have failed to show how the actions filed and dismissed by counsel on their behalf in three jurisdictions fall within the unusual circumstances described in *Johnson*.

5. Because appellants had already entered a voluntary dismissal in open court, they contend the trial court had no jurisdiction once they had dismissed their complaint, and its order was for this reason a nullity. A trial court, however, must have the power to limit and define actions taken by the parties before it. In *Faircloth v. Cox Broadcasting Corp.*, 169 Ga. App. 914 (315 SE2d 434) (1984), the trial court entered a default judgment approximately seven years after the action ran into default, even though OCGA § 9-11-41 (e) provides for an automatic dismissal after the passage of five years without entry of an order. This Court held that entry of judgment was within the court's inherent power, was justified by the interest of judicial economy and fairness to the prevailing party, and could be accomplished without reference to evidence outside the existing record. 169 Ga. App. at 915. Where the defendant was in default, never filed a motion to open default, and the case was effectively at an end, no further action was necessary to conclude it. Entry of a judgment achieved the desired purpose of removing unresolved and inactive litigation from the court records. 169 Ga. App. at 916. Similarly, appellants' case, on the basis of facts acknowledged in the record, was at an end under the third dismissal rule of OCGA § 9-11-41 (a). All that remained for appellees to do "was to have judgment entered in [their] favor." Id. Judicial economy and fairness are best served by allowing the trial court to determine the applicability of OCGA § 9-11-41 (a) at the time of the third dismissal, rather than requiring appellees to remain in suspense awaiting the filing of yet another action against them.

While the attempted dismissal in *Faircloth* was automatic under

OCGA § 9-11-41 (e) instead of voluntary under subsection (a), the court's inherent power to enter orders in the interest of judicial economy is particularly applicable in this case. The trial court did nothing more than reduce to writing the legal effect accomplished by operation of law with the third voluntary dismissal. Otherwise, as appellees point out, appellants can continue to file actions, record lis pendens notices, and involve appellees in ceaseless litigation, "regardless of whether one or one hundred voluntary dismissals [have] been filed," dismissing without prejudice as soon as a motion to dismiss is set for hearing or at the hearing itself.

6. Appellants' remaining enumerations of error are without merit. Their complaint that appellees' oral motion at the hearing should have been made in writing is foreclosed by OCGA § 9-11-7 (b) (1) (motion shall be made in writing "unless made during a hearing or trial"). Under USCR 6.2, the trial court had discretion to hear the matter without waiting 30 days for a response. See *Kidd v. Unger*, 207 Ga. App. 109, 110-111 (2) (427 SE2d 82) (1993). The trial court clearly had the authority to cancel the lis pendens notice once the underlying action was dismissed with prejudice. See OCGA § 44-14-612. The claim of "promissory estoppel" which appellants attempt to raise was not made in any enumeration of error, and their enumerations of error cannot be enlarged to include it. *State Farm &c. Ins. Co. v. Hudson*, 215 Ga. App. 218, 219 (1) (450 SE2d 286) (1994). Finally, appellants' complaint regarding the trial court's imposition of a supersedeas bond is meritless because the parties entered a *consent order* on that bond.

7. In their brief, appellants ignore well-established and controlling law, selectively omit controlling portions of the Code sections relied upon, and attempt to appeal matters not raised and matters consented to by the parties below. For these reasons, we conclude the appeal is frivolous and impose a penalty of $1,000 against appellants and their counsel pursuant to Court of Appeals Rule 15 (b).

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 3, 1995 —
RECONSIDERATION DENIED OCTOBER 18, 1995 — 

*Richard A. Coleman*, for appellants.

*Long, Weinberg, Ansley & Wheeler, Kathryn S. Whitlock, George A. Koenig, Weissman, Nowack, Curry & Zaleon, Teresa R. Perrotta, Stokes, Lazarus & Carmichael, Derek W. Johanson, J. Michael Welch, Antonio L. Thomas*, for appellees.