S99Y0224. IN THE MATTER OF RICHARD A. COLEMAN.
(511 SE2d 175)

PER CURIAM.

This disciplinary matter is before the Court on the review panel of the State Disciplinary Board's report in which the review panel recommends the imposition of a three-year suspension from the practice of law with reinstatement upon conditions on Richard A. Coleman in resolution of three separate matters. Coleman admits violating Standards 44 (lawyer shall not wilfully abandon or disregard a legal matter entrusted to him); 61 (lawyer shall promptly notify a client of the receipt of his funds, securities or other properties and shall promptly deliver such funds, securities or other properties to the client); and 63 (lawyer shall maintain complete records of all funds,

securities and other properties of a client coming into the possession of the lawyer and shall promptly render appropriate accounts to his client regarding them) of Bar Rule 4-102 (d).

In one of the matters before the Court, Coleman agreed in 1990 to represent a client in a personal injury case. Coleman failed to settle the case or file a lawsuit on the client's behalf. After the statute of limitation expired, Coleman met with the client; informed her of the status of her case; and subsequently entered a written agreement with the client whereby he would pay her a total of $3,500 in monthly installments for his failure to handle her case properly. Coleman paid a total of $600 in two installments but mailed a third payment to an improper address.

In the second matter, on or about May 1994, Coleman agreed to represent a client in a personal injury claim arising from an automobile accident. He settled the case but, in the interim, the client was sued for unpaid medical bills for services related to her automobile accident injuries. Coleman disbursed the settlement proceeds to the client in October 1995 and agreed to pay the medical bills on her behalf. However, he failed to do so and the client's wages were garnished. Although Coleman subsequently paid the bills, he did not establish where the settlement proceeds were maintained prior to making the payment.

In the third matter, on or about January 1993, Coleman agreed to represent a client in several real estate matters and filed lis pendens against properties that were the subject of the lawsuits. Each of the lis pendens generated a lawsuit for declaratory judgment against the client and after Coleman failed to respond to related discovery requests, the court conducted a hearing on opposing party's motion to compel for failure to respond to discovery. At the hearing, Coleman voluntarily dismissed one of the lawsuits which the Court of Appeals later ruled was dismissed with prejudice and could not be revived. See *Zohoury v. Zohouri*, 218 Ga. App. 748 (463 SE2d 141) (1995). Coleman failed to adequately document his file regarding communications with the client. Coleman does not admit to any conduct in violation of any Standard of Conduct in this third matter but the disciplinary case has been included for resolution at this time with the other two matters.

In a Joint Stipulation of Facts and Conduct filed by Coleman and the State Bar, Coleman admits his conduct violated Standards 44, 61, and 63 of Bar Rule 4-102 (d). We have reviewed the record and agree with the review panel that a three-year suspension with conditions is an appropriate sanction in this case, noting in mitigation that Coleman has expressed remorse for his conduct and was suffering from tremendous personal problems and alcoholism during the period of the conduct in question. Accordingly, Coleman is hereby

suspended from the practice of law for a period of three years from the date of this opinion, during which time he is to fulfill his financial obligation to his former client under the terms of their written agreement; obtain counseling for alcohol addiction and stress management; and participate in and comply with the Lawyer Assistance Program. Coleman is further required to retake and pass the Georgia Bar examination prior to being reinstated.

*Three-year suspension with reinstatement upon conditions. All the Justices concur.*

DECIDED JANUARY 19, 1999.

*William P. Smith III, General Counsel State Bar, Elizabeth M. Williamson, Assistant General Counsel State Bar,* for State Bar of Georgia.

*Colette R. Steel,* for Coleman.