A09A0327. ADAMS v. TRICORD, LLC.
A09A0328. CHARLIE MOUNTAIN WATER, LLC et al.
v. STEWART et al.
(682 SE2d 588)

BARNES, Judge.

This is the second appeal involving litigation among these parties, who are property owners and the now-former owners of the system supplying water to those properties. In the first appeal, *Stewart v. Tricord, LLC*, 296 Ga. App. 834 (676 SE2d 229) (2009), this court addressed issues relating to the first and second civil actions filed by Dugald Stewart, Bruce Adams, and Raymond Giornelli (the plaintiffs) against Charlie Mountain Water, LLC ("CMW") and related entities. This appeal involves the third civil action the plaintiffs filed against CMW and its owners: Tricord, LLC, Tommy Clinton, and James Adams ("owners"). In this action, the trial court granted summary judgment to the owners, holding that the plaintiffs had failed to present evidence sufficient to pierce CMW's corporate veil and hold the owners liable for claims against CMW. The plaintiffs appeal this ruling in Case No. A09A0327. The trial court denied CMW's motion to disqualify the plaintiffs' counsel and its motion for summary judgment on res judicata grounds. CMW appeals these rulings in Case No. A09A0328. Because the underlying action is barred by res judicata, we reverse the trial court's denial of summary judgment to CMW and affirm the grant of summary judgment to the owners. The denial of CMW's motion to disqualify plaintiffs' counsel is moot.

1. The trial court erred in denying summary judgment to CMW

on res judicata grounds. A review of the record shows that in their first civil action against CMW and its owners, the plaintiffs sought a declaratory judgment holding that they did not have to sign a customer service agreement to obtain water service from CMW. They also asked the trial court to require CMW to file a trust indenture that conforms to the directives of the Georgia Environmental Protection Division and to enjoin CMW from interrupting the plaintiffs' water service so long as they paid their bills. Finally, the plaintiffs contended that Clinton and James Adams committed fraud by causing the property owners association to convey its legal interest in the water system to Tricord. The parties mediated the issues and reached an agreement, which the trial court incorporated into a consent order on September 1, 2006.

On October 4, 2006, the plaintiffs filed the second civil action, titled "Petition for Temporary Restraining Order/Injunctive Relief and Petition for Contempt Filed in the Alternative." The plaintiffs alleged that CMW, Clinton, and James Adams (Tricord was not a named defendant) wrongfully terminated their water service in wilful and deliberate disregard of the trial court's Consent Order resolving their first suit against CMW, and therefore sought a temporary restraining order, injunctive relief, and a finding of contempt. They also prayed for "such other and further relief" as is appropriate, to include any and all actual damages and punitive damages as appropriate." The trial court found CMW in contempt and ordered it to pay a fine, and declined to award attorney fees to the plaintiffs. On appeal of that order, we affirmed the denial of attorney fees and the finding of contempt, but reversed the imposition of the fine. *Stewart v. Tricord*, supra.

The plaintiffs filed their third complaint on November 3, 2006, before the trial court had resolved the second action. They alleged that CMW, Tricord, Clinton, and James Adams are all alter egos of one another, are the sole source of water to the plaintiffs' property, and had temporarily terminated water service to the plaintiffs. In doing so, the plaintiffs claim that CMW and its owners violated the Consent Order which was issued to resolve the first action. They sought general, special, and punitive damages as well as attorney fees and costs.

The trial court first granted summary judgment to Tricord, Clinton, and James Adams, holding that because the plaintiffs' claims for relief arose from an alleged violation of the prior Consent Order and a subsequent court order, "the only defendant that plaintiffs' Complaint for Damages may apply to is [CMW]." The court then denied CMW's motion for summary judgment on res judicata grounds, holding that the plaintiffs' claims were not barred because the only issue litigated in the previous motion for contempt

was whether the defendants wilfully violated a court order. It further held that "the issue of damages for breach of contract and public duty to provide water was not litigated and could not have been litigated" and thus the plaintiffs' claims for these damages were not barred by res judicata.

The issue is not whether the plaintiffs litigated these claims in the previous action, but whether they could have litigated these claims in the previous action. Despite the trial court's finding, their "motion for contempt" was an entirely new civil action, in which they could have raised all of their claims regarding CMW's termination of their water supply, including the breach of contract and stubborn litigiousness claims included in the third complaint. They did not do so, and therefore are barred from litigating those claims in a new civil action.

OCGA § 9-2-5 (a) provides that no plaintiff may prosecute two actions in the courts at the same time for the same cause of action against the same party, and if two such actions are commenced at different times, "the pendency of the former shall be a good defense to the latter." OCGA § 9-12-40 provides that the judgment of a court of competent jurisdiction "shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered." "Thus, one must assert all claims for relief concerning the same subject matter in one lawsuit and any claims for relief concerning that same subject matter which are not raised will be res judicata." (Emphasis omitted.) *Fowler v. Vineyard*, 261 Ga. 454, 458 (3) (b) (405 SE2d 678) (1991).

The claims raised by the plaintiffs in their third civil action involve the same subject matter as the claims they raised in their second civil action: the temporary termination of their water supply. Accordingly, their breach of contract and stubborn litigiousness claims related to the termination of their water supply are res judicata, and the trial court erred in denying CMW's motion for summary judgment on that ground.

2. Pretermitting whether the trial court correctly ruled that the plaintiffs failed to pierce CMW's corporate veil to bring suit against the company's owners, Tricord, Clinton, and James Adams were entitled to summary judgment on res judicata grounds. "A grant of summary judgment must be affirmed if right for any reason, whether stated or unstated. [Cit.] It is the grant itself that is to be reviewed for error, and not the analysis employed. [Cit.]" *Albany Oil Mill v. Sumter Elec. Membership Corp.*, 212 Ga. App. 242, 243 (3) (441 SE2d 524) (1994).

3. The defendants' contention that the trial court erred in

denying their motion to disqualify plaintiffs' counsel is moot in light of the foregoing.

*Judgment affirmed in Case No. A09A0327. Judgment affirmed in part and reversed in part in Case No. A09A0328. Miller, C. J., and Andrews, P. J., concur.*

DECIDED JUNE 25, 2009 —
RECONSIDERATION DENIED JULY 23, 2009.

Bruce Adams, *pro se.*
Dugald Stewart, *pro se.*
Raymond Giornelli, *pro se.*
*Little & Crumly, Jonathan D. Crumly*, for appellees.