**SECOND DIVISION**
**BARNES, P. J.,**
**MCFADDEN and MCMILLIAN , JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**March 8, 2013**

# In the Court of Appeals of Georgia

A12A2503. DILLARD LAND INVESTMENTS, LLC et al. v.
SOUTH FLORIDA INVESTMENTS, LLC et al.

MCFADDEN, Judge.

Dillard Land Investments, LLC, Duck Point, LLC, and Carl M. Drury, III (collectively, "the Appellants") brought an action against South Florida Investments, LLC, The Brand Banking Company, 1615 Johnson Road, LLC, HTSF Capital, LLC, and four individual defendants (collectively, "the Appellees") asserting various causes of action related to the foreclosure of Dillard Land's real property. The trial court granted the Appellees' motion to dismiss the action on the ground that it was barred by res judicata under OCGA § 9-12-40 because the same claims had been subject to two prior voluntary dismissals, the second of which operated as an adjudication upon the merits under OCGA § 9-11-41 (a) (3). But the record shows

that the first voluntary dismissal was of an action brought by Dillard Land. The second voluntary dismissal, however, was of a counterclaim brought by Duck Point and Drury, and although they had sought to join Dillard Land as a plaintiff in the counterclaim, the trial court had not yet made Dillard Land a party when the counterclaim was dismissed. Because the counterclaim-plaintiffs in the second-dismissed case – Duck Point and Drury – were not plaintiffs in the first-dismissed case, the second dismissal did not operate as an adjudication upon the merits under OCGA § 9-11-41 (a) (3). Consequently, OCGA § 9-12-40 does not preclude the instant action, and the trial court erred in dismissing the action on that ground. We therefore reverse.

1. *Facts and procedural history.*

Duck Point and Dillard Land are limited liability companies managed by Drury. On September 30, 2009, South Florida made a loan to Duck Point, secured by property owned by Duck Point and personally guaranteed by Drury. The purpose of this loan was to pay interest on a loan from HTSF Capital to Dillard Land, which was secured by property owned by Dillard Land and was also personally guaranteed by Drury.

2

HTSF Capital assigned the Dillard Land loan to 1615 Johnson Road. In 2011, 1615 Johnson Road sought to foreclose on the property securing that loan. In April 2011, Dillard Land brought an action against 1615 Johnson Road asserting that the advertisement of the foreclosure sale contained mistakes and seeking a temporary restraining order and damages for breach of fiduciary duty. On May 3, 2011, Dillard Land voluntarily dismissed its action without prejudice.

Meanwhile, South Florida had brought an action against Duck Point and Drury on the loan it had made to Duck Point. In April 2011, Duck Point and Drury filed an answer that contained a counterclaim. The counterclaim purported to add Dillard Land to the action as a third-party counterclaim plaintiff and to add The Brand Banking Company, 1615 Johnson Road, and HTSF Capital as third-party counterclaim defendants. It appears, however, that Duck Point and Drury did not seek leave from the trial court to add any of these third parties to the action when they first filed the counterclaim. Likewise, Dillard Land did not seek leave from the court to intervene as a plaintiff in the counterclaim. Duck Point and Drury later moved the trial court for leave to amend the counterclaim to join Dillard Land as a counterclaim plaintiff. The trial court did not rule on that motion, and on June 13, 2011, Duck Point and Drury filed a voluntary dismissal without prejudice of their claims against The

3

Brand Banking Company, 1615 Johnson Road, and HTSF Capital. Duck Point and Drury subsequently withdrew their motion to join Dillard Land as a party to the counterclaim.

On June 14, 2011, Dillard Land, Duck Point and Drury brought the instant action. Therein, they alleged that the Appellees "conducted a wrongful foreclosure of certain real property owned by Dillard Land and secured by Drury and Duck Point," that South Florida, HTSF Capital and 1615 Johnson Road "were all holders of the loan and security deed at issue and are all subsidiary entities of or affiliated entities controlled by [The Brand Banking Company]," and that the individual Appellees operated South Florida, HTSF Capital and 1615 Johnson Road out of The Brand Banking Company's principal office and manipulated those entities to defraud the Appellants. The Appellees moved to dismiss on the ground that the dismissal of the counterclaim constituted a second voluntary dismissal that operated as an adjudication upon the merits under OCGA § 9-11-41 (a) (3), that it involved the same claims as those in the instant action, and consequently the doctrine of res judicata, set forth in OCGA § 9-12-40, barred the action.

The trial court granted the Appellees' motion to dismiss on the ground that the action was barred under OCGA § 9-12-40. The trial court found, among other things,

4

"that one or all of the [Appellants] filed claims and subsequently dismissed those claims [raised in the action] in two previous actions . . . against one or all of the [Appellees] and/or their privies." We review this ruling de novo. *Dove v. Ty Cobb Healthcare Sys.*, 316 Ga. App. 7, 9 (729 SE2d 58) (2012).

2. *The dismissal of the counterclaim did not operate as res judicata because it was not an adjudication on the merits.*

OCGA § 9-12-40 represents a codification of the common law doctrine of res judicata. *Crowe v. Elder*, 290 Ga. 686, 687-688 (723 SE2d 428) (2012). It provides that "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." OCGA § 9-12-40. For this provision to apply, however, the prior judgment must be an adjudication upon the merits. See *Rafizadeh v. KR Snellville*, 280 Ga. App. 613, 617-618 (3) (634 SE2d 406) (2006).

There are circumstances under which a voluntary dismissal by a plaintiff may operate as an adjudication upon the merits. OCGA § 9-11-41 (a) addresses a plaintiff's right to voluntarily dismiss an action and the effects of such a dismissal.

5

OCGA § 9-11-41 (a) (1) (A) pertinently provides that "an action may be dismissed by the plaintiff, without order or permission of the court . . . [b]y filing a written notice of dismissal at any time before the first witness is sworn[.]" And OCGA § 9-11-41 (a) (3) provides that a dismissal under subsection (a) "is without prejudice, except that the filing of a second notice of dismissal operates as an adjudication upon the merits." The provisions of this Code section apply to the dismissal of a counterclaim. OCGA § 9-11-41 (c); *T. V. Tempo v. T. V. Venture*, 182 Ga. App. 198, 199 (1) (355 SE2d 76) (1987).

For a second notice of dismissal to operate as an adjudication upon the merits, however, it must have been filed by the same plaintiff who filed the first notice of dismissal. "The plain meaning of [OCGA § 9-11-41] is that *a plaintiff's second voluntary dismissal* of a case operates as an adjudication on the merits against the plaintiff." (Citations omitted; emphasis supplied.) *Troup v. Chambers*, 280 Ga. App. 392 (634 SE2d 191) (2006). Compare *Walker v. Mecca*, __ Ga. App. __ (__ SE2d __) (Case No. A12A1891, decided March 7, 2013) (plaintiff's second voluntary dismissal can act as adjudication on merits under OCGA § 9-11-41 although actions were brought against different defendants). And, unlike OCGA § 9-12-40, which expressly states that a prior action can have a conclusive effect upon the parties *or*

6

*their privies*, the General Assembly made no provision in OCGA § 9-11-41 to consider the prior voluntary dismissal of a plaintiff's privy in determining the effect of a subsequent voluntary dismissal by that plaintiff. See generally OCGA § 1-3-1 (a) (in all interpretations of statutes, courts shall look diligently for the intention of the General Assembly); *Innovative Clinical & Consulting Svcs. v. First Nat. Bank of Ames*, 279 Ga. 672, 675 (620 SE2d 352) (2005) (courts cannot reject plain language of statute unless it will lead to unreasonable consequences or absurd results not contemplated by legislature). Compare *Belco Elec. v. Bush*, 204 Ga. App. 811, 814 (420 SE2d 602) (1992) (considering voluntary dismissal filed by divorced parent in parent's action for child's wrongful death in determining application of OCGA § 9-11-41 (a) (3) to subsequent voluntary dismissal of action brought by other parent, based on specific statutory rule that "[w]here one parent undertakes to prosecute the [wrongful death] cause, the other is nevertheless bound by such action") (citation and punctuation omitted).

Consequently, the trial court's finding in this case that prior actions were filed and then dismissed by "one *or* all" of the Appellants is not determinative. Rather, we must consider whether any of the Appellants was a plaintiff who voluntarily dismissed *both* actions. The record makes clear that the answer to this question is no.

7

Dillard Land was the only plaintiff in the action that resulted in the first voluntary dismissal, on May 3, 2011. But Dillard Land was not a party to the counterclaim that Duck Point and Drury voluntarily dismissed on June 13, 2011. Although Duck Point and Drury sought to join Dillard Land as a plaintiff to that counterclaim, the trial court had not yet ruled on their joinder motion or otherwise allowed Dillard Land to intervene as a plaintiff in the counterclaim at the time of its dismissal, and the only two parties who filed the notice of dismissal of the counterclaim were Duck Point and Drury. See generally OCGA § 9-11-21 ("Parties may be dropped or added by order of the court on motion of any party or of its own initiative. . . ."); *Mail & Media v. Rotenberry*, 213 Ga. App. 826, 831 (446 SE2d 517) (1994) (addressing trial court's refusal to allow third party to intervene as counterclaim plaintiff).

The Appellees cite *Zohoury v. Zohouri*, 218 Ga. App. 748, 749 (2) (463 SE2d 141) (1995), for the proposition that even if a third-party action is improperly filed its dismissal may be considered in determining the effect of a subsequent dismissal under OCGA § 9-11-41 (a) (3). But *Zohoury* merely held that the improperly-filed claim was not void or a nullity but was subject to a defense (and thus was capable of being dismissed voluntarily within the meaning of OCGA § 9-11-41 (a)). *Zohoury*,

supra. *Zohoury* did not address whether a voluntary dismissal could be attributed to a putative third-party plaintiff whom the trial court had not yet given leave to join the claim.

Given our determination that none of the Appellants voluntarily dismissed both actions, we need not consider the parties' arguments regarding similarities between the claims in those actions and the claims brought by the Appellants in the instant action. The voluntary dismissal of the prior counterclaim by Duck Point and Drury was not a second notice of dismissal and did not operate as an adjudication upon the merits under OCGA § 9-11-41 (a) (3), and consequently it had no preclusive effects upon the instant action under OCGA § 9-12-40. The trial court erred in dismissing the action under OCGA § 9-12-40. See *Shy v. Faniel*, 292 Ga. App. 253, 255 (2) (663 SE2d 841) (2008) (where voluntary dismissal did not operate as adjudication upon merits under version of OCGA § 9-11-41 in effect at time, trial court erred in dismissing subsequent action on res judicata grounds).

*Judgment reversed. Barnes, P. J., and McMillian, J., concur.*