**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 20, 2015**

# In the Court of Appeals of Georgia

A15A1057. GLOBAL SHIP SYSTEMS, LLC et al. v.
RIVERHAWK GROUP, LLC et al.

ANDREWS, Presiding Judge.

Global Ship Systems, LLC, GSS Operations, LLC, Robert S. Creech, III and

the remaining plaintiffs[1] (collectively, the "Global Ship Plaintiffs") appeal from an

order of the Superior Court of Chatham County granting RiverHawk Group, LLC and

certain related defendants'[2] (collectively, the "RiverHawk Defendants") motion for

---

[1] The additional plaintiffs include Southeast Industrial and Marine Services, Inc. ("SIMS"), John G. Bennett, Jane H. Holmes, and James D. Stribling. Bennett,Creech, Holmes and Stribling are individual members of both Global Ship and GSS Operations and are individual shareholders of SIMS.

[2] The additional RiverHawk Defendants include Nick Anacreonte, Robert J. Cox, Mark T. Hornsby, Brian G. Reynolds, John K. Ross, Chris Weaver, Stephen M. Wheelock, Paradigm Aerospace, LLC, RiverHawk Defense, LLC, RiverHawk Marine, LLC, Maritime Security Strategies, LLC, and Maritime Security Strategies of Florida, LLC. Additional defendants not parties to this appeal include Chatham

summary judgment and dismissing the Global Ship Plaintiffs' complaint for violation of Georgia's voluntary dismissal statute. See OCGA §§ 9-11-41 (a) (1), (3); 9-12-40. Because the trial court correctly dismissed Global Ship's third civil action arising from the same set of facts, we affirm.

In 2003 and 2004, Global Ship and Creech sought financing for the purchase of a Savannah, Georgia shipyard. Their search for financing led to Fortress Credit Corporation, a defendant in the first action.[3] Global Ship ultimately secured financing, but it alleged that in December 2005, a series of equipment failures crippled Global Ship's operations which led to a decline in revenue.[4] Global Ship's demise culminated in an October 2007 effort by Drawbridge to foreclose on the company's real and personal property, as well as the shipyard.

---

Investment Fund II, LLC, Chatham Investment Fund QP II, LLC, Chatham Capital Management II, LLC, Chatham Capital Partners, Inc., Chatham Capital Holding, Inc., Drawbridge Special Opportunities Fund, LP, and Drawbridge Special Opportunities GP, LLC.

[3] Global Ship further alleged that Fortress assigned its rights to Drawbridge Special Opportunities Fund, LP, ("Drawbridge") which then assigned certain rights to Chatham Capital Management II, LLC, Chatham Investment Fund QP II, LLC, and Chatham Investment Fund II, LLC.

[4] For additional discussion of the equipment failures, see *Global Ship Systems, LLC v. Continental Cas. Co.*, 292 Ga. App. 214 (663 SE2d 826) (2008).

2

In an effort to stop the looming foreclosure of their property, Global Ship, GSS Operations and Creech filed a civil action in the Superior Court of Chatham County on October 31, 2007 (the "first action").[5] The first action sought: (1) an injunction to stop the pending foreclosure of Global Ship's equipment and shipyard; (2) an accounting from the defendants "which reflects how the interest, penalties, and fees claimed by the Defendants were calculated;" (3) money damages for breaches of the duties of good faith, fair dealing, and loyalty; and (4) attorney fees. Of note, Global Ship's complaint in the first action alleged that the defendants exhibited bad faith "given [their] active participation . . . in the daily activities of [Global Ship and GSS Operations], their actions in declaring the Loan in default, and accelerating the debt, and their refusal to negotiate in good faith concerning replacement financing."[6] On November 20, 2007, Global Ship voluntarily dismissed the first action without prejudice.

---

[5] The defendants in the first action included Fortress Credit Corporation, Drawbridge Special Opportunities Fund, LP, Chatham Capital Management II, LLC, Chatham Investment Fund QP II, LLC, and Chatham Investment Fund II, LLC.

[6] Global Ship also alleged that Hornsby, a defendant in the second and third actions, participated in securing funding for Global Ship.

On November 14, 2008, the Global Ship Plaintiffs filed a second civil action in the Superior Court of Fulton County (the "second action"). Global Ship added SIMS and three individual members of the Global Ship and GSS Operations limited liability companies as party plaintiffs and 16 additional party defendants, including the RiverHawk Defendants.[7] In a sprawling 28-count complaint,[8] the Global Ship Plaintiffs alleged a host of wrongs including breaches of contract, aiding and abetting breaches of contract, breaches of fiduciary duties, conspiracies to breach fiduciary duties, fraud, tortious interference with business relations, and "malicious procurement of breach[es] of fiduciary dut[ies]," all stemming from Global Ship's efforts to secure original financing and its subsequent collapse. On April 24, 2009, the trial court in the second action entered an order granting in part multiple defendants' motions for judgment on the pleadings. Ten days later, the Global Ship Plaintiffs voluntarily dismissed the second action.

---

[7] For a listing of the parties in the second action, see footnotes 1 and 2, supra.

[8] Global Ship's initial complaint in the second action included 22 separate counts. However, on April 17, 2009, Global Ship filed a "First Amended and Restated Complaint" which alleged 28 separate counts. The parties do not contest that Global Ship's first amended complaint controlled at the time of Global Ship's voluntary dismissal of the second action.

One day shy of the six-month renewal period, the Global Ship Plaintiffs filed a complaint, identical to the second action, in the Superior Court of Chatham County seeking the same relief it pursued in the second action (the "third action"). The RiverHawk Defendants moved for summary judgment, claiming that the Global Ship Plaintiffs' third action was barred by OCGA § 9-11-41 (a) (3). The trial court agreed, granting the RiverHawk Defendants' motion for summary judgment and dismissing the Global Ship Plaintiffs' complaint. The Global Ship Plaintiffs (hereinafter, "Global Ship") appeal.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. OCGA § 9-11-56 (c). This Court reviews a grant or denial of summary judgment de novo and construes the evidence in the light most favorable to the nonmovant. *Citifinancial Svcs. v. Varner*, 320 Ga. App. 170 (739 SE2d 477) (2013).

In the sole enumeration of error, Global Ship contends the trial court erred by granting the RiverHawk Defendants' motion for summary judgment and dismissing Global Ship's complaint for two reasons: (1) res judicata does not bar the actions of Global Ship's privies who were not parties to the first action (SIMS, Bennett, Holmes, and Stribling); and (2) res judicata does not bar the third action because the

5

first and second actions were not based upon the same claims. We will address each in turn.

1. First, Global Ship argues that the claims of SIMS, Bennett, Holmes and Stribling are not barred by OCGA § 9-11-41 (a) (3) because they were not parties to the first action; therefore, the third action actually represents these plaintiffs' second action.[9] Relevant to this argument, OCGA § 9-11-41 (a) (1) (A) provides that "an action may be dismissed by the plaintiff, without order or permission of court, [b]y filing a written notice of dismissal at any time before the first witness is sworn." Moreover, "[a] dismissal under this subsection is without prejudice, except that the filing of a second notice of dismissal operates as an adjudication upon the merits." OCGA § 9-11-41 (a) (3). "The plain meaning of OCGA § 9-11-41 is that a plaintiff's second voluntary dismissal of a case operates as an adjudication on the merits against the plaintiff." (Emphasis in original omitted.) *Dillard Land Investments v. South Florida Investments*, 320 Ga. App. 209, 212 (2) (739 SE2d 696) (2013). It follows that "[f]or a second notice of dismissal to operate as an adjudication upon the merits,

_____

[9] Tellingly, Global Ship, GSS Operations and Creech do not argue that their claims in the third action are not barred due to the voluntary dismissals in the first and second actions. Rather, they argue that "[f]or the reasons detailed hereinbelow, their claims are not barred as there is no identity of claims between the [first] action and the [second a]ction."

6

. . . it must have been filed by the same plaintiff who filed the first notice of dismissal." Id. Therefore, in instances in which multiple plaintiffs filed multiple actions and dismissals, the relevant inquiry is whether "*any* of the Appellants was a plaintiff who voluntarily dismissed both actions." (Emphasis supplied.) Id. See also *Belco Elec. v. Bush*, 204 Ga. App. 811, 814 (420 SE2d 602) (1992) (under prior version of OCGA § 9-11-41 (a) (3), fourth action dismissed where identity of plaintiffs was not identical in three prior actions).

Here, the answer to this question is yes. Global Ship, GSS Operations, and Creech were plaintiffs in the first and second actions, each of which was terminated with a voluntary dismissal. Accordingly, Global Ship's third action is barred by the res judicata effect of OCGA § 9-11-41 (a) (3), and Global Ship's inclusion of additional plaintiffs does not alter this conclusion.[10] See *Dillard Land*, 320 Ga. App. at 212 (2). As a result, the trial court did not err in granting the RiverHawk Defendants' motion for summary judgment on this issue.

---

[10] We need not consider whether the individual plaintiffs have a right to bring individual, rather than derivative, actions. See *Phoenix Airline Svcs. v. Metro Airlines*, 260 Ga. 584, 585 (1) (397 SE2d 699) (1990); *Pinnacle Benning v. Clark Realty Capital*, 314 Ga. App. 609, 616 (2) (a) (724 SE2d 894) (2012).

2. Next, Global Ship asserts that res judicata does not bar the third action because the first and second actions were not based upon the same claims.[11] As noted above, "[t]he plain meaning of OCGA § 9-11-41 is that a plaintiff's second voluntary dismissal of a *case* operates as an adjudication on the merits against the plaintiff." (Emphasis in original.) *Dillard Land*, 320 Ga. App. at 212 (2). To that end, "the language of OCGA §§ 9-11-41 (a) and 9-2-61 (a) clearly speaks to the dismissal and renewal of an 'action' or a 'case,' not a *claim* within an action where other claims have also been asserted by the same plaintiffs."[12] (Emphasis in original.) *Young v. Rider*, 208 Ga. App. 147, 149 (2) (430 SE2d 117) (1993). Indeed, the dismissal of "claims," or of less than all of a party's causes of action, is governed by the pleading amendment rules codified at OCGA § 9-11-15. See Id. See also *Southeastern Hose v. Prudential Ins. Co. of America*, 167 Ga. App. 356 (1) (306 SE2d 308) (1983) (defendant's argument that fourth action precluded by voluntary dismissal "is

---

[11] With the exception of the argument addressed in Division 1, supra, Global Ship does not contend that identity of the parties is lacking or that there was no previous adjudication on the merits by a court of competent jurisdiction. See *Gunby v. Simon*, 277 Ga. 698, 699 (594 SE2d 342) (2004).

[12] This differs from the corresponding Federal Rule of Civil Procedure, which expressly provides that "if the plaintiff previously dismissed any federal- or state-court action *based on or including the same claim*, a notice of dismissal operates as an adjudication on the merits." (Emphasis supplied.) Fed. R. Civ. P. 41 (a) (1) (B).

8

incorrect if any one of the previous actions is not based on or including the claim presented in the present action"). Finally, OCGA § 9-12-40 is the codification "of Georgia's common law rule of res judicata" and provides that

> [a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue *or which under the rules of law might have been put in issue* in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

(Emphasis supplied.) See *Fowler v. Vineyard*, 261 Ga. 454, 458 (3) (405 SE2d 678) (1991).

In this case, we conclude that Global Ship's third action is barred pursuant to the res judicata effect of OCGA § 9-11-41 (a) (3). In addition to requesting equitable relief, Global Ship's first action included a claim for money damages from multiple defendants for breaches of the duties of good faith, fair dealing, and loyalty. To support its request for damages, Global Ship's complaint in the first action alleged that the defendants exhibited bad faith "given [their] active participation . . . in the daily activities of [Global Ship and GSS Operations], their actions in declaring the Loan in default, and accelerating the debt, and their refusal to negotiate in good faith concerning replacement financing." In the second and third actions, which were

9

identical to each other, Global Ship again sought money damages for a variety of causes of action, including for breaches of duties consonant with those alleged in the first action, based upon similar factual allegations. See *Adams v. Tricord, LLC*, 299 Ga. App. 310, 312 (1) (682 SE2d 588) (2009); *Southeastern Hose*, 167 Ga. App. at 356 (1) (defendant's argument that fourth action precluded by voluntary dismissal "incorrect if any one of the previous actions is not *based on or including* the claim presented in the present action"). (Emphasis supplied.) Moreover, there is a continuity in the defendants named in the first, second and third actions, including the Chatham and Drawbridge defendants. See *Belco*, 204 Ga. App. at 815 (OCGA § 9-11-41 designed "to prevent a plaintiff from repeatedly filing actions for the same claim against any defendant, not only previously named defendants"). Finally, Global Ship has offered no explanation for its failure to bring the causes of action contained in the second and third actions in the first action.[13] See *Fowler*, 261 Ga. at 458 (3). See also *Cartwright v. First Baptist Church of Keysville*, 316 Ga. App. 299, 302 (728 SE2d 893) (2012); *Adams*, 299 Ga. App. at 312 (1) ("The issue is not whether the plaintiffs

_____

[13] In fact, Global Ship's singular acknowledgment of this failure comes from its appellant's brief in which it states the second action followed "substantial investigation."

litigated these claims in the previous action, but whether they could have litigated these claims in the previous action.").

The binding sinew between each of the three actions is the apparently complex initial financing for, and subsequent failure of, the Global Ship shipyard. In fact, as shown by its allegations, all of Global Ship's causes of action from each of its three civil actions may be traced to its initial financing and activities associated with its financing.[14] To preserve causes of action from res judicata, "one must assert all claims for relief concerning the same subject matter in one lawsuit and any claims for relief concerning that same subject matter which are not raised will be res judicata pursuant to OCGA § 9-12-40." *Fowler*, 261 Ga. at 458 (3). This was not done. Accordingly, we find no error in the trial court's order granting the RiverHawk Defendants' motion for summary judgment and dismissing Global Ship's third action.

*Judgment affirmed. Miller and Branch, JJ., concur.*

---

[14] For an example of an action which would differ from the causes of action presented in Global Ship's three civil actions discussed in this case, see *Global Ship*, 292 Ga. App. at 214. Similarly, *Southeastern Hose* is distinguishable. 167 Ga. App. at 357 (1) ("[A]ctions predicated upon distinct and separate violations of a lease were not based on the same claim."). See also *Gunby*, 277 Ga. at 700 (subject matter of different actions were separate surgeries and not identical causes of action).