**SECOND DIVISION**
**DOYLE, C. J.,**
**MILLER, P. J., and REESE, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**April 21, 2017**

# In the Court of Appeals of Georgia

A17A0325. CRACKER BARREL OLD COUNTRY STORE, INC.
v. ROBINSON.

REESE, Judge.

In this personal injury action, defendant Cracker Barrel Old Country Store, Inc. ("Cracker Barrel") appeals from the trial court's order denying its motion to dismiss plaintiff Gail Robinson's renewed complaint.[1] Cracker Barrel argues, inter alia, that the court erred in rejecting its argument that Robinson's two prior voluntary dismissals of this action resulted in an adjudication on the merits under OCGA § 9-11-41 (a) (3), thereby barring her from re-filing the complaint a third time as a renewal action. It also contends that the court erred in denying its request for attorney fees and expenses of litigation. For the reasons set forth, infra, we reverse the denial

---

[1] This Court granted Cracker Barrel's application for interlocutory review.

of Cracker Barrel's motion to dismiss, and remand this case for consideration of Cracker Barrel's request for attorney fees and expenses.

The record shows the following undisputed facts. On February 4, 2014, Robinson filed a complaint against Cracker Barrel in the State Court of Douglas County, alleging that, on March 17, 2013, after dining at Cracker Barrel, she suffered from food poisoning. On April 22, 2014, Robinson filed a voluntary dismissal of her complaint.

On April 25, 2014, Robinson re-filed her complaint in the State Court of Gwinnett County with the same allegations. On September 14, 2015, after the two-year statute of limitation had expired on March 17, 2015,[2] Robinson voluntarily dismissed that complaint without prejudice.

Then, on January 25, 2016, Robinson filed a renewal action against Cracker Barrel in Douglas County, pursuant to OCGA § 9-2-61 (a). Cracker Barrel filed a motion to dismiss, contending, among other things, that Robinson was barred from filing her third complaint as a renewal action as a matter of law. It argued that, in order to renew an action under OCGA § 9-2-61 (a), the action must have been

---

[2] See OCGA § 9-3-33 ("[A]ctions for injuries to the person shall be brought within two years after the right of action accrues. . . .").

dismissed without an adjudication on its merits, and that Robinson's voluntary dismissal of her second complaint operated as an adjudication on the merits under the plain language of OCGA § 9-11-41 (a) (3).

OCGA § 9-11-41 (a) (1) (A) provides that "an action may be dismissed by the plaintiff, without order or permission of court . . . [b]y filing a written notice of dismissal at any time before the first witness is sworn[.]" OCGA § 9-11-41 (a) (3) provides, however, that "the filing of a second notice of [voluntary] dismissal operates as an adjudication upon the merits."[3] It follows that, under OCGA § 9-11-41 (a) (3), a plaintiff who has voluntarily dismissed a complaint two times is barred by the res judicata effect of that provision from filing it a third time.[4]

Following a hearing on Cracker Barrel's motion to dismiss, the trial court issued an order, which stated, in relevant part, as follows:

---

[3] Before its amendment in 2003, OCGA § 9-11-41 (a) provided that a voluntary dismissal was not an adjudication on the merits until the filing of a *third* notice of dismissal. See OCGA § 9-11-41 (a) (2002). The amended version of the statute applies to all civil actions filed on or after July 1, 2003. Ga. L. 2003, p. 820, § 9.

[4] See *Global Ship Systems v. RiverHawk Group*, 334 Ga. App. 860, 862-863 (1) (780 SE2d 697) (2015) (ruling that "[t]he plain meaning of OCGA § 9-11-41 is that a plaintiff's second voluntary dismissal of a case operates as an adjudication on the merits against the plaintiff," and, as a result, the plaintiff's third action was barred by the res judicata effect of subsection (a) (3)) (citation and punctuation omitted); Accord *Walker v. Mecca*, 320 Ga. App. 142, 144 (739 SE2d 450) (2013).

3

[A] review of the record shows that the first complaint [Robinson] filed in Douglas County was not served on [Cracker Barrel until] April 29th, 2014. This was 8 (eight) days after the underlying lawsuit was dismissed.[ ] Thus, service was not perfected prior to the filing of [Robinson's] voluntary dismissal of the 2014 lawsuit. Therefore, the [first complaint] was null and void, and will not count as a previous filing for purposes of [OCGA § 9-11-41 (a) (3)].[5]

The court ruled that, as a result: (1) the voluntary dismissal of Robinson's second complaint thus qualified as her first voluntary dismissal under OCGA § 9-11-41; (2) the statute of limitation ran before the second complaint was dismissed; and (3) consequently, her third complaint was permitted under the renewal statute. Based upon this conclusion, the court denied Cracker Barrel's motion to dismiss and its request for attorney fees and expenses. This appeal followed.

"A motion to dismiss for failure to state a claim should be sustained if the allegations of the complaint reveal, with certainty, that the plaintiff would not be entitled to relief under any state of provable facts asserted in support of the

---

[5] In a footnote, the court added that "[i]t should also be noted that the Plaintiff did not raise this argument either in her [b]rief or during oral arguments; this is a *sua sponte* finding of the Court." (Emphasis in original.)

4

complaint."[6] On appeal from the denial of a motion to dismiss, "this Court will uphold the trial court's findings if there is any evidence to support them."[7] With these guiding principles in mind, we turn now to Cracker Barrel's specific claims of error.

Cracker Barrel argues that the trial court erred in finding that the first complaint filed by Robinson did not count as a voluntary dismissal for the purposes of OCGA § 9-11-41 (a) (3). As shown above, the trial court found as a matter of fact that Robinson did not serve Cracker Barrel with the complaint until April 29, 2014, eight days after she had voluntarily dismissed it, so it concluded that the complaint was "null and void" as a matter of law.

1. As an initial matter, this Court has culled the entire appellate record and has found no evidence to support the trial court's finding of fact that Cracker Barrel was not served with the first complaint until April 29, 2014, after Robinson voluntarily dismissed the complaint. The trial court did not cite to a source for the fact in its order, saying only that it was a "sua sponte finding" of the court, and the court

---

[6] *LaSonde v. Chase Mtg. Co.*, 259 Ga. App. 772, 774 (1) (577 SE2d 822) (2003) (footnote omitted).

[7] *Anderson v. Westmoreland*, 286 Ga. App. 561, 564 (649 SE2d 820) (2007) (punctuation and footnote omitted).

5

specifically admitted that Robinson did not raise this issue in her brief or during the motion hearing.

In fact, not only did Robinson fail to challenge the validity of the first complaint or present any evidence to show that it had not been served on Cracker Barrel before it was voluntarily dismissed, but statements made by her counsel during the hearing on the motion to dismiss appear to concede that the first complaint was properly filed and otherwise valid.[8] For example, he told the court that this case had been "*validly filed* inside the statute [of limitation] *for the second time*, and then it had been dismissed and re-filed outside the statute [of limitation]." (Emphasis supplied.) He also admitted that "[o]ur situation simply concerns *two voluntary dismissals without prejudice filed procedurally properly*, and a third action instituted in January [2016,] well within the six-month renewal period." (Emphasis supplied.)[9]

---

[8] In addition, in Robinson's written response in opposition to Cracker Barrel's motion to dismiss, her counsel stated that Robinson "did voluntarily dismiss this action on two prior occasions[.]"

[9] In mentioning these statements, we offer no opinion as to whether they could be considered admissions in judicio that would estop Robinson from presenting a contrary argument on appeal. See *In re McCool*, 267 Ga. App. 445, 448 (600 SE2d 403) (2004) ("[S]tatements made by a party's counsel during a hearing or trial are regarded as admissions in judicio and are binding on the party.") (citations omitted); but see *Powder Springs Holdings v. RL BB ACQ II-GA PSH*, 325 Ga. App. 694, 696 (1) (754 SE2d 655) (2014) (The rule that a party is estopped from contradicting a

6

Consequently, we conclude that there is no evidence of record to support the court's finding, as a matter of fact, that the first complaint had not been served on Cracker Barrel before it was voluntarily dismissed by Robinson. It follows that such finding is clearly erroneous.[10] Further, because that finding served as the sole factual basis for the court's legal conclusion that the first complaint was "null and void" for the purposes of OCGA § 9-11-41 (a) (3), that conclusion also constitutes error and must be reversed.[11] It necessarily follows that Robinson's second voluntary dismissal of her complaint constituted an adjudication on the merits as a matter of law, pursuant to OCGA § 9-11-41 (a) (3).

2. We now turn to Cracker Barrel's argument that, because Robinson's second voluntary dismissal constituted an adjudication on the merits under OCGA § 9-11-41

---

solemn admission in judicio "does not apply to legal conclusions but only to statements of fact.") (citation and punctuation omitted).

[10] See *Anderson*, 286 Ga. App. at 564 (reversing the trial court's denial of a motion to dismiss because its ruling was based on findings of fact that were not supported by any evidence).

[11] See id.; see generally *Atlanta v. North by Northwest Civic Assn.*, 262 Ga. 531, 537-538 (4) (422 SE2d 651) (1992) (reversing the trial court's order to the extent that its ruling was based solely on findings of fact that were not supported by any evidence).

7

(a) (3), she was barred by the res judicata effect of that provision from exercising the privilege of renewing her complaint under OCGA § 9-2-61 (a).[12] We agree.

OCGA § 9-2-61 (a) provides as follows:

> When any case has been commenced . . . within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state . . . within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later[.][13]

"The renewal statute is remedial in nature; it is construed liberally to allow renewal where a suit is disposed of on any ground *not affecting its merits*."[14] Thus, OCGA § 9-2-61 (a) provides the plaintiff with an opportunity to renew a case that has been dismissed without prejudice, but that privilege does not apply to a case that has been decided on its merits.[15]

Given our ruling in Division 1, supra, that Robinson's second voluntary dismissal operated as an adjudication on the merits of her complaint as a matter of

---

[12] See *Global Ship Systems*, 334 Ga. App. at 862-863 (1).

[13] OCGA § 9-2-61 (a).

[14] *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994) (citations omitted; emphasis supplied).

[15] See id.; *Bardo v. Liss*, 273 Ga. App. 103, 107 (2) (614 SE2d 101) (2005).

law, the trial court erred in ruling that Robinson's third complaint was a valid renewal action and in denying Cracker Barrel's motion to dismiss on that basis. Accordingly, the trial court's order is reversed, and this case is remanded for the trial court to dismiss this case with prejudice, as well as to consider Cracker Barrel's request for attorney fees and expenses of litigation under OCGA § 9-15-14 (a).

*Judgment reversed, and case remanded with direction. Doyle, C. J., and Miller, P. J., concur.*